## W. A. SHEAFFER PEN CO. v. EAGLE PENCIL CO.

District Court, S. D. New York.
Dec. 3, 1931.

Kiddle, Margeson & Hornidge, of New York City (Jones, Addington, Ames & Seibold, of Chicago, Ill., J. Bernhard Thiess and Thorley von Holst, both of Chicago, Ill., of counsel), for plaintiff.

Cooper, Kerr & Dunham, of New York City (John C. Kerr and Hubert Howson, both of New York City, of counsel), for defendant.

COLEMAN, District Judge.

The only question presented is as to the validity of the patents. The defendant's products exactly embody the patented designs. The patent for the fountain pen has already been held valid by this court in an action by the present plaintiff against another defendant. Judge Woolsey granted a preliminary injunction (W. A. Sheaffer Pen Co. v. Worth Featherweight Pen Co. (D. C.) 41 F.(2d) 820), and, after a trial, Judge Coxe granted a final decree adjudicating the validity.[1] The patent for the pencil has never been before the court, but the designs in the two patents are practically the same.

The defendant contends that the patented designs do not involve invention over the prior art. In this connection, the court is bound by the previous adjudication, unless the prior art instances now adduced are materially more potent than those in the previous case. The Hutcheon pencil is identical with one which was proved by the defendant in the previous case. The Hardmuth pencil is not as close to the patented designs as the Hutcheon. While it tapers at both ends, it has not the rounded fullness in the tapering which makes the patented designs distinctive. It is a much more slender pointed design which makes a very different impression from the patented ones. The Stone and the Aramian patents (Nos. 670088 and 161450) disclose merely a penholder without a cap, so that there is no complete design. These are mechanical patents, and there was no intention to show any distinctive design. Only the end of the holder indicates any similarity to the designs in question, and even as to that the Aramian figure lacks the rounded fullness in the tapering of the end which was mentioned above. The Stone figure does strongly resemble the designs in question, but only as to one end of the penholder.

The Waterman fountain pens (Exhibits R C L and W R I) disclose tapering ends, but they lack the rounded fullness in the taper which is characteristic of the patented designs. Furthermore, the ends of the Waterman pens have a square-cut appearance unlike the patented designs.

The above are the principal instances of the prior art relied on by the defendant, and are the only ones mentioned in the defendant's main brief. Neither these nor the other instances proved give the same impression as the plaintiff's designs and would have made no difference in the decisions by Judges Woolsey and Coxe. The essential characteristic of the plaintiff's designs is a tapering along the line of a continuous curve somewhat in the nature of a parabola which, coupled with the thickness of the barrel, gives a distinct im-

---

[1] No opinion filed.

pression. This is modified somewhat in the pencil where the structure requires a point at one end; but even there the continuity of line is preserved.

█ The defendant also urges invalidity on the ground of triple patenting. Both the pencil patent and the pen patent were applied for November 21, 1928, and were issued on June 18, 1929; the pencil patent being numbered 78777, and the pen, 78795. A third patent on a design for a combination fountain pen and pencil having the same characteristics as the others was applied for on the day of the applications for the other patents, and was issued on the day of their issuance under the number 78794. All three of the patents are owned by the plaintiff and were issued to it as assignee of the inventors. The applicants and inventors of the pencil patent are three individuals, and the applicant and inventor of the other two patents were a fourth individual.

Whether or not the designs could have been combined in one patent, it is quite apparent that the plaintiff has obtained no advantage from the triple patenting, since the period of monopoly has not been extended one day beyond what it would have been if a single patent had been issued, because all of them were applied for and issued on the same days. It would certainly be unfortunate if, because of a pure technicality which could prejudice no one, the plaintiff were deprived of a valuable monopoly to which it would otherwise be entitled under the law. If, however, as I believe the designs could not have been combined in one patent, the triple applications were necessary in order to give the plaintiff full protection on the design. If they were not necessary, it could only be because the first patent gave the protection which defendant is now violating.

The motion for the preliminary injunction is therefore granted. Settle order on notice.