## UNITED STATES SHIPPING BOARD MERCHANT FLEET CORP. ET AL. *v.* RHODES.*

No. 546. Argued February 14, 1936.—Decided March 2, 1936.

---

* Together with No. 547, *O'Connor, Comptroller of the Currency, et al.* v. *Rhodes.* Certiorari to the United States Court of Appeals for the District of Columbia.

 

*Solicitor General Reed* submitted for petitioners in No. 546.

*Mr. George P. Barse,* with whom *Messrs. Swagar Sherley, Frederick DeC. Faust,* and *Charles F. Wilson* were on the brief, for petitioners in No. 547.

*Mr. Hugh H. Obear,* with whom *Messrs. Charles A. Douglas, R. L. Merrick,* and *R. H. McNeill* were on the brief, for respondent.

PER CURIAM.

Respondent, Thomas E. Rhodes, suing in his own right and on behalf of other creditors of the Commercial National Bank of Washington, sought the restoration of amounts alleged to have been illegally paid to petitioners by the bank's receiver. The payments were of amounts deposited with the bank by the United States Shipping Board Merchant Fleet Corporation and the Alien Property Custodian, respectively. The bank had pledged assets to secure the deposits and, recognizing the pledges as valid, the receiver under the direction of the Comptroller of the Currency had paid the amount of the deposits in full. Similar relief was sought against the Comptroller of the Currency with respect to payments to the Comptroller, in like circumstances, of deposits made by him of moneys belonging to insolvent banks. Unse-

cured creditors and depositors had received a dividend of but 50 per cent. of their claims. Respondent alleged that the above-mentioned pledges and the preferential payments were unlawful.

The defendants the Comptroller of the Currency and the receiver of the bank moved to dismiss the bill of complaint for want of equity, and, in particular, because the bill failed to show any demand by plaintiff upon the Comptroller or receiver that such suits be brought or their refusal to sue. The defendants the Fleet Corporation and the Attorney General as successor to the Alien Property Custodian, made a similar motion. These motions were denied and a special appeal was allowed.

The Court of Appeals held that, while as a rule a stockholders' or creditors' suit could not be maintained "until demand had been made upon the receiver, the Comptroller, or the bank," the rule did not apply "where the receiver or Comptroller refuses to bring the suit or where it would be a vain thing to make demand upon them, and it is shown there is necessity for a suit for the protection of the interests of creditors." The court was of the opinion that the facts alleged in the complaint were sufficient to show that the Comptroller and the receiver "were both actively and personally involved in the transactions claimed to be unlawful," and that this was enough to take the case out of the ordinary rule. The court also held that the pledge made by the bank to secure the deposits by the Comptroller of the Currency of moneys belonging to insolvent banks was a valid pledge in view of the provisions of the Act of May 15, 1916, 39 Stat. 121, but that there was no authority for the exaction of pledges to secure the deposits which had been made by the Fleet Corporation and the Alien Property Custodian, and hence that those pledges were invalid. Accordingly, the order of the Supreme Court of the District was reversed and the dismissal of the bill was directed as to the Comptroller of

the Currency, and with respect to the Fleet Corporation and the Acting Alien Property Custodian the order was affirmed. *O'Connor* v. *Rhodes,* 65 App. D. C. 21; 79 F. (2d) 146.

On motion for reargument, the Court of Appeals adhered to its decision. 65 App. D. C. 27; 79 F. (2d) 152. The court, however, took notice of the statement that the receiver, since the decision, had instituted a suit against the Acting Alien Property Custodian and the Fleet Corporation to recover the assets alleged to have been illegally pledged or the preferential payments made in consequence of such pledges—"covering the same items, in the same circumstances, as are covered in the bill in the instant proceeding." The court, while again recognizing the general rule, reiterated its view that the particular circumstances showed that the preferential payments in question "were made at the instance and with the approval of the Comptroller and receiver" and that "the claims for payment were instigated and invited by the Comptroller and the receiver." The case was thus deemed to fall within the exception to the rule requiring demand and refusal before the bringing of suit. But the court noted the statement of counsel for the Comptroller that he no longer adhered to his former position that the payments to the Fleet Corporation and the Alien Property Custodian were validly made. As there had been no motion by either party to stay further proceedings in the instant suit, pending the prosecution by the receiver of the suit filed by him, the court did not press the point which it had raised as to its power to direct such a stay. That reservation was expressly stated to be "without prejudice to the right of the trial court, on motion and in the exercise of its judicial discretion, and on such reasonable terms as it may impose, to arrange the order of trial in the two suits as may result in the most economical and speedy determination of the issues involved." 65 App. D. C. 28, 79 F. (2d) 153.

We granted certiorari limited to the question of the right of respondent to bring this suit without prior demand upon, or refusal by, the Comptroller of the Currency or the receiver, or both.

As the case turns on its exceptional facts and suit has been brought by the receiver, and the course of procedure in the interest of economical and efficient administration is left to be determined by the trial court in the exercise of a sound discretion, the decree of the Court of Appeals is

*Affirmed.*