## GRANZOW v. VILLAGE OF LYONS, ILL.
### No. 6027.

Circuit Court of Appeals, Seventh Circuit.
March 23, 1937.

Louis B. Stocks and Louis P. Fogarette, both of Berwyn, Ill., and Albert E. Hallett, Jr., of Chicago, Ill., for appellant.

Julius Jesmer, of Chicago, Ill., and Arthur M. Rawers, of Lyons, Ill., for appellee.

Before SPARKS, Circuit Judge, and LINDLEY and BALTZELL, District Judges.

LINDLEY, District Judge.

Appellant, receiver of a national bank, sued to recover from appellee, an Illinois municipal corporation, $17,000, representing the difference between the proceeds realized by appellee from a sale it made of certain assets of the bank which had been pledged to it to secure a deposit of municipal funds and the dividend to which appellee would have been entitled on its claim for such deposit as a general creditor. The court allowed appellee's motion to dismiss the suit, and this appeal followed.

The bank, prior to 1932, received a deposit of municipal funds, pledging with appellee, at the latter's insistence, certain assets to secure the deposit. The bank became insolvent and suspended payment June 27, 1932. Appellant was thereupon appointed receiver. The deposit of appellee was then $39,323.

In due course of administration, both the receiver and the municipality, under a misapprehension of the law, agreed that the municipality might sell the collateral and apply the proceeds of the sale upon the debt. The Comptroller of the Currency approved this agreement, subject to approval by the District Court. Appellant thereupon filed his petition and secured an order authorizing sale of said assets as agreed. The sale was had and application of the proceeds made on the debt.

Some time thereafter the parties awoke to the fact that these transactions had taken place under a mutually mistaken view of the law. This court in Sneeden v. City of Marion (C.C.A.7) 64 F.(2d) 721, held that in Illinois a national bank does not have the power to pledge its assets to secure a deposit of public money; that such pledges are ultra vires, void, and recoverable at the suit of the receiver. On certiorari granted, the Supreme Court affirmed. 291 U.S. 262, 54 S.Ct. 421, 78 L. Ed. 787. This suit was instituted subsequent to this adjudication of the law.

 Under the authorities cited, the pledge was ultra vires. This proposition the receiver has a right to assert. Nor is the receiver required to make restitution by paying the claim in full. The pledge fails because illegal and void and the creditor becomes entitled only to a dividend as a general creditor. Texas & Pacific R. Co. v. Pottorff, 291 U.S. 245, 54 S. Ct. 416, 78 L.Ed. 777. Being void the transaction could not be confirmed, ratified, enforced or rendered enforceable by the application of any doctrine of estoppel or otherwise. California Bank v. Kennedy, 167 U.S. 362, 17 S.Ct. 831, 42 L.Ed. 198; McCormick v. Market Bank, 165 U.S. 538, 17 S.Ct. 433, 41 L.Ed. 817; Central Transportation Co. v. Pullman's Palace Car Co., 139 U.S. 24, 11 S.Ct. 478, 35 L.Ed. 55. This is because, not merely that the bank ought not to make the contract, but that it could not legally make it. Ratification is impossible if there is no power to contract. Central Transportation Co. v. Pullman's Palace Car Co., 139 U.S. 24, 11 S. Ct. 478, 35 L.Ed. 55. And knowledge of the lack of existence of authority is conclusively presumed. McCormick v. Market Bank, 165 U.S. 538, 17 S.Ct. 433, 41 L. Ed. 817.

 The receiver was the agent and administrative officer of the United States. In re Chetwood, 165 U.S. 443, 17 S.Ct. 385, 41 L.Ed. 782; United States v. Weitzel, 246 U.S. 533, 38 S.Ct. 381, 62 L.Ed. 872. Payments voluntarily made by officers of the United States, under a mistake of law, may be recovered. Thus where the Postmaster General, through a mistake as to the statutory law relative to payment for carrying the mails, overpaid the railroad company, which later sued for moneys due for services subsequently rendered and the Postmaster General sought to set off the previous overpayment, made under mistake of law, the Supreme Court affirmed recovery, holding that the government cannot be bound by the actions of its officers under misconception of the law under which they have assumed to act, and that the question, in such instances, is whether the recipient may be allowed to retain the fruits not authorized by law, resulting from an erroneous conclusion by the agent of the government as to the legal effect of the particular statute, under or in reference to which he is proceeding, saying: "there is nothing in this record to take the case out of the scope of the principle that parties receiving moneys illegally paid by a public officer are liable ex æquo et bono to refund them." Wisconsin Central R. R. Co. v. United States, 164 U.S. 190, 17 S.Ct. 45, 52, 41 L.Ed. 399. See, also, Talcott v. United States (C.C. A.) 23 F.(2d) 897; Champ Spring Co. v. United States (D.C.) 38 F.(2d) 988, affirmed (C.C.A.) 47 F.(2d) 1.

 Such payments are exceptions to the rule that money paid under mistake of law cannot be recovered. A private party may do as he desires with his own money, but an officer of the United States cannot bind his government in making payments contrary to law. Heidt'v. United States (C.C.A.) 56 F.(2d) 559. It follows, therefore, that appellant as receiver had a right to sue and recover what he had illegally paid under a mistake of law.

 But it is said that the preferential payments had been made at the instance and with the approval of the comptroller. This in no wise alters the situation. In Wisconsin Central R. R. v. United States, supra, the Supreme Court held the Postmaster General included within the class of those whose wrongful payment may be recovered. There is no reason why the comptroller should have any greater power to bind the government by approving a payment contrary to law. Such was the reasoning of the court in O'Connor v. Rhodes, 65 App.D.C. 21, 79 F.(2d) 146. There the previous payments were recovered, although they had been made at the instance and with the approval of the comptroller. The Supreme Court affirmed in 297 U.S. 383, 56 S.Ct. 517, 80 L.Ed. 733. A similar recovery was allowed in Mays v. Wilkinson (D.C.) 12 F.Supp. 350. There was and there could have been no estoppel as to either the receiver or the

comptroller which would work a binding effect upon the payment of money made by them as United States officers under misapprehension of the law.

It is asserted, however, that the complaint discloses that the payment was approved by the District Court. The language of the complaint in this respect is "that an order was duly entered in this court upon petition of plaintiff praying entry of said order authorizing sale of said assets." There is no showing that at that time the court had jurisdiction of any person other than the receiver or that it was dealing with anything other than an ex parte proceeding. The burden of defense is upon appellee; the trial court was bound to accept the averments of the complaint, construed most favorably toward appellant. The complaint discloses no adjudication as such between the parties and we cannot assume that an order of the court entered upon a petition of the receiver was one entered wherein appellee was a party and bound within the meaning of the doctrine of res adjudicata, until it appears that the parties were in court. There is no suit in the legal sense and no parties in the legal understanding of the term in such an ex parte proceedings,— no adjudication of issues between adversaries. Rather, under the language of the complaint, we must assume that the receiver's petition was one such as is ordinarily utilized in procuring authorization of administrative actions by the receiver. No issue was adjudicated. 34 C.J. 763; Kelley v. Milan, 127 U.S. 139, 8 S.Ct. 1101, 32 L.Ed. 77; Fifer v. Williams, 5 F.(2d) 286 (C.C.A.9); Hulse v. Argetsinger, 18 F.(2d) 944 (C.C.A.2); Texas & Pacific R. Co. v. Southern Pacific Co., 137 U.S. 48, 11 S.Ct. 10, 34 L.Ed. 614. The order was the consequence of consent and not of judgment by the court. Consequently it could not be treated as res adjudicata. Lawrence Manufacturing Co. v. Janesville Cotton Mills, 138 U.S. 552, 11 S.Ct. 402, 34 L.Ed. 1005; San Francisco v. Le Roy, 138 U.S. 656, 11 S.Ct. 364, 34 L.Ed. 1096.

It follows that the complaint of the receiver, as an officer of the United States, for the recovery of money paid under misapprehension and misapplication of the statutory law, was sufficient. The motion to dismiss should have been denied. The judgment is reversed, with directions to proceed in harmony with the views herein expressed.