The J. R. CLARK COMPANY and John R. Clark, Plaintiffs,

v.

GEUDER, PAESCHKE & FREY CO., Defendant.

Civ. A. 6296.

United States District Court E. D. Wisconsin.

Dec. 19, 1957.

Morsell & Morsell, Milwaukee, Wis., Douglas L. Carlsen, Minneapolis, Minn., for plaintiffs.

Michael, Spohn, Best & Friedrich, Milwaukee, Wis., for defendant.

TEHAN, Chief Judge.

The above matter having come on for trial to the Court, and this Court upon full consideration of all the evidence, pleadings, depositions and exhibits and all the proceedings herein finds as follows:

Findings of Fact.

1. This, a Civil Action, was instituted May 12, 1954, for infringement of K. B. Olander patent No. 2,663,102, for Ironing Table, granted December 22, 1953, on an application filed in the United States Patent Office on June 9, 1950. Issue was joined on May 27, 1954.

2. Claim 1 of the patent is relied upon by plaintiffs as having been infringed by the defendant, and, as corrected by Certificate of Correction, dated February 16, 1954, reads as follows:

"1. In an ironing table having an elongated ironing board, a supporting structure for the board comprising a front leg member and a rear leg member respectively secured at longitudinally spaced points to the underside of the board and extending angularly downwardly to cross each other at a point above their longitudinal centers whereby the lower ends of the leg members will be spread further apart than their upper ends, said members consisting of single bars pivoted together at their intersection and with their parts above the intersection lying adjacent to the vertical longitudinal plane of one lateral edge of the board, and the lower ends of the leg members having rigid transverse extensions underlying the table to support the table against lateral tilting."

3. The defendant's accused ironing table is designated and known as the Model C-690.

4. By a stipulation dated August 15, 1956 and filed at a pre-trial conference before the Court on September 11, 1956, the parties agreed that the only issues to be presented for trial were as follows: (a) Is the aforesaid claim 1 of the Olander patent 2,663,102 infringed by defendant's Model C-690 ironing table? and, (b) Is said claim rendered invalid by U. S. patent to Busch, et al., No. 863,150, issued August 13, 1907; U. S. patent to Pope, No. 1,098,682, issued June 2, 1914; U. S. patent to Lowenberg, No. 1,976,031, issued October 9, 1934; and by an ironing table known as the "Mary Proctor" that was made by Proctor Electric Company, and was sold August 25, 1949?

5. The Court has jurisdiction of the parties and subject matter. Trial was had to the Court without a jury starting January 28, 1957 and concluding on January 29, 1957. The evidence consisted of physical and documentary exhibits, answers to interrogatories filed by both parties, depositions, and the testimony of witnesses at the trial. Extensive briefs were filed on behalf of both plaintiffs and

defendant, and have been supplemented by oral arguments.

6. The evidence shows that hand ironing is probably one of the most tiring, disagreeable and frustrating tasks that the housewife has to perform. The fatigue factor has been the subject of scientific studies, and a great deal of thought and effort has been expended in attempting to make hand ironing easier and less disagreeable.

7. An ironing table so constructed as to permit the operator to sit comfortably on a chair and with the top member well in over her lap, would obviously reduce fatigue. But for certain types of work the table must also be vertically adjustable to an elevation such that the operator may stand up while ironing. And, whether sitting or standing, the ironing table should also be adjustable within lesser limits to accommodate relatively tall and short women.

8. The problem involved in constructing such an ironing table was well known in the industry long prior to the Olander invention. Defendant's sales manager admitted that it had been known for many years. But there is not evidence that the problem was ever successfully solved by others prior to the Olander invention.

9. Prior patents illustrating earlier attempts to design an ironing table which an operator could iron on while sitting and with sufficient knee space clearance so that the top member could be brought in close to the operator's body, include D. H. Clark, 2,494,506; Michelson, 2,011,-251; and Krueger, 2,666,668. These patents disclose ironing tables which do not structurally or functionally respond to the Olander invention, are impractical, do not solve the problems solved by Olander, and there is no evidence that any of them were ever made, sold or used.

10. The Kalgren patent, 1,637,526, issued in 1937, illustrates an ironing table made and sold by the corporate plaintiff about thirty years ago, which, if used by an operator when sitting, would provide as much knee space clearance as in the Mary Proctor ironing table relied upon by defendant, but the Kalgren disclosure does not respond to the claim in suit, and like the Mary Proctor structure, did not solve the problem that was solved by the Olander invention.

11. The ironing table shown and described in the Olander patent is so constructed that it can be readily adjusted to various sit-down and stand-up positions, to accommodate short or tall operators, the supporting structure including pivotally connected single bar leg members the upper portions of which are disposed adjacent to the vertical plane of one lateral edge of the top member, providing knee and leg space so that the operator can position the top member directly and fully over her lap; while the leg members are pivoted above their longitudinal centers so as to span a wide floor supporting area and thus form a rigid supporting structure for the top member regardless of the elevation to which it is adjusted.

12. After perfecting his invention and filing the application for his patent in June, 1950, Mr. Olander, and the corporate plaintiff, The J. R. Clark Company, went into production, and built up a sufficient supply to meet the anticipated demand for the ironing table when ready for distribution and sales. It was then first displayed to the public at the National Housewares Exhibit in Chicago in January 1953.

13. The Olander ironing table, then designated as the Clark Model No. 10, was considered by other representatives of the ironing table industry, who were present at the Chicago Exhibit, as not only being radically different from any other ironing tables that were then or had ever been on the market, but one that would solve what had been a serious problem of long standing.

14. The January 1953 Exhibit was attended by representatives of defendant, including its president and its sales manager, who, after seeing the Clark No. 10 ironing table promptly ordered one and immediately took steps to produce and place on the market a competitive ironing table which would have many of

the structural and functional features and advantages of the Clark Model No. 10.

15. Thereupon defendant, by a management directive, instructed its design engineer "to build a board (ironing table) in competition with Clark's new board—which had been seen at the Housewares show—in January 1953", and such an ironing table, being the accused Model C-690, was then promptly developed, put in production, and placed on the market.

16. Defendant's Model C-690 was first sold by defendant in October 1953, but has been widely advertised since July 1953 and to the present time. Such advertisements, appearing in nationally distributed publications, have characterized the Model C-690 as "sensational" and as a "radically new design".

17. The Model C-690 has become defendant's most popular ironing table in its high price line, it is the most efficient and best ironing table it has ever produced, and completely displaced defendant's previous top or Deluxe ironing table, the Model C-680, which was then taken out of production.

18. Defendant's Model C-690 ironing table, while slightly different from the Clark Model No. 10 ironing table in certain details, does embody many of the structural and functional advantages set forth in the Olander patent, and embodies the combination of elements specifically defined by claim 1 of the Olander patent. I therefore find that they are the same in essence and substance and consequently that the Model C-690 ironing table infringes the claim in suit.

19. With reference to the prior art relied upon by defendant to show alleged anticipation or lack of invention I find that the Lowenberg patent, 1,976,031, is a file wrapper reference, that it was considered by the Patent Office examiner, and that it was rejected by him as not being pertinent to the structure defined by the claim in suit. Lowenberg shows a bed-side table, not intended for or in any way concerned with the problems involved in ironing clothes. He does not show an elongated ironing table top, his leg bars are not pivotally connected at points above their longitudinal centers, whereby the lower ends of the leg members will be spread further apart than their upper ends, as set forth in the claim, and his legs are not adjustably or collapsibly arranged to perform the functions required in an ironing table. The examiner who allowed the claim in suit was accordingly correct in rejecting Lowenberg as not being a pertinent reference.

20. The Busch et al. patent No. 863,150 (of 1907) and the Pope patent 1,098,682 (of 1914) while showing ironing tables, are clearly no more pertinent to the invention of the claim in issue than references of record in the Olander file wrapper, including such patents as Northrup, 1,161,407, Reed, 1,359,527, Gomber, 1,801,151, Miller, 2,517,696, and Hild, 2,546,097.

21. The evidence does not show that any of the structures disclosed in the Lowenberg, Busch, et al., and Pope patents was ever made or used, or ever went into commercial production. Nor do such patentees demonstrate, teach or suggest how any of the prior art patent structures might be practically combined to theoretically meet the specific combination or arrangement of elements defined by the claim in suit.

22. With reference to the so-called Mary Proctor ironing table I find that it not only does not suggest the invention of the patent in suit, but that as far as the structure defined by the Olander claim is concerned the Mary Proctor ironing table is substantially identical with the Hild patent, 2,546,097, which the examiner considered and rejected, and is substantially identical with the Model C-680 ironing table which defendant previously made and sold and which was displaced by the infringing Model C-690 ironing table.

23. None of the prior art disclosures here in evidence in any way anticipates, nor does it show lack of invention in, the structure defined by claim 1 of the patent in suit, nor would any of such disclosures

have suggested the improved ironing table of said claim 1 to a person skilled in the art at the time of the invention thereof by Olander.

24. Defendant's contention that the claim in suit is ambiguous by reason of the fact that it uses the word "adjacent" to define the specific relationship of the upper portions of the leg bars with respect to the vertical plane passing through one lateral edge of the top member, is, I find, without merit. The word "adjacent" as so employed, is used in connection with only one of several claim limitations, it applies clearly to both plaintiffs' and defendant's structures in the same way, and its use in patent claims has been sanctioned and approved by judicial interpretation as in the reported decisions of Johnston v. Davenport Brick & Tile Co., D.C., 237 F. 668, 669; and Silbaugh Mfg. Co. v. Mooers, 89 USPQ 131.

25. The defense of alleged file wrapper estoppel, raised by defendant, is also, I find, without merit, and must therefore be rejected. The prosecution of the Olander application, resulting in the patent in suit, followed normal procedure, and there is nothing in that record to suggest that the examiner was not fully cognizant of the scope and subject matter of the claim in suit when allowing it.

26. The claim (1) in suit was numbered 34 in the application, and, as such, had been substituted for an earlier claim, 15, which had previously been criticized as being inaccurate because indefinite. When the substitution was made the deficiencies in claim 15 were corrected, and the use of different language naturally changed the meaning and scope of what had been claim 15. Claim 34 was broader than claim 15 in some respects, and in other respects was narrower or more limited. In any event it is not ambiguous, it is more clearly distinguishable from the prior art than was claim 15, and there is no reason for reading into claim 34, subsequently issuing as claim 1 of the patent, language or limitations that are clearly not there and obviously intended to be omitted.

27. The normal presumption of validity attached to the patent in suit is further and substantially increased by the fact that the Clark Model No. 10 ironing table, embodying the structure defined by claim 1, met with instantaneous and widespread commercial success. The evidence shows that said ironing table was first introduced on the market in January 1953, that 130,859 units were sold by June 30, 1953, that during corporate plaintiffs' first fiscal year, starting July 1, 1953, 261,043 units were sold, and that sales thereafter periodically increased until by September 30, 1956, well over a million of such ironing tables had been sold. The evidence further shows that such ironing table sales for the first fiscal year were more than four times as great as the number of corporate plaintiffs' sales of its previous DeLuxe model of ironing table for the year ending June 30, 1952, which was before such sales could be influenced by the introduction of the Model No. 10; that the Model No. 10 has sold at a considerably higher price than any previous model of ironing table sold by the corporate plaintiff, and, that the aforesaid increase in sales volume of the Model 10 ironing table was not due to any corresponding or substantial increase in advertising effort.

28. With further reference to the ironing table structure defined by claim 1 of the Olander patent in suit, I find, that the same is of great utility and value, that it was not obvious but the result of invention by the patentee, that such structure is not anticipated by but displayed substantial inventive advance over all of the prior art in evidence, that in obtaining said patent Olander complied with the laws and rules then in force, that the patent was duly and legally issued, and that the defendant has infringed claim 1 thereof in suit.

Conclusions of Law.

1. The Court has jurisdiction of the subject matter involved herein and of the parties hereto under the Patent Laws of the United States.

2. The Olander patent, as to claim 1 thereof, is presumed to be valid, and the

burden of establishing its invalidity rests on the defendant.

3. The presumption of validity is increased by reason of the fact that defendant relies upon prior art considered and rejected by the Patent Office before granting the Olander patent, and in no instance is prior art here of record any more pertinent than that rejected by the examiner.

4. The presumption of validity is further increased because the Olander invention solved an old and troublesome problem not previously solved by experts in the industry.

5. The presumption of validity is further increased because the Olander invention, when placed in production by the corporate plaintiff, immediately met with outstanding commercial success, the number of the Model No. 10 ironing tables thus sold during the first full year far exceeding the sales of plaintiff corporation's best model of ironing table sold during the last full year before being influenced by the introduction of the Model No. 10 ironing table on the market.

6. The presence of invention and presumption of validity is convincingly evidenced by the fact that defendant willfully and deliberately incorporated in its Model C-690 ironing table the salient features of the Olander invention as defined by the Olander claim in issue.

7. The pertinency of the prior art patents relied upon by defendant is greatly impaired by the fact that there is no evidence to the effect that any of the structures disclosed in such patents was ever reduced to commercial practice notwithstanding the long felt want for solution of the problem solved by Olander.

8. The use of the word "adjacent", in the Olander claim, to describe the relationship of the upper parts of the leg bars with reference to the vertical longitudinal plane of one lateral edge of the board, is clearly understood, is not indefinite or ambiguous, and is entirely proper.

9. The Olander claim in suit, being clear and unambiguous in its terms, scope and meaning, is not subject to any file wrapper estoppel, and limitations not expressed therein cannot be read into it for the purpose of finding non-infringement.

10. The Olander claim in suit defines a novel combination and arrangement of elements which cooperate to form a new, useful and meritorious ironing table structure embodying a patentable invention over the prior art, and the claim is therefore good and valid in law.

11. The defendant's Model C-690 ironing table infringes the Olander claim in suit because it embodies the construction defined by the claim and operates the same to produce the same advantages.

12. Plaintiffs shall have judgment against defendant, (1) For an injunction against further infringement, (2) For an accounting and recovery of the damages suffered by plaintiffs, and (3) For costs, as set forth in the complaint.