GEUDER, PAESCHKE & FREY CO., a Wisconsin corporation, Plaintiff,

v.

John R. CLARK and The J. R. Clark Company, a Minnesota corporation, Defendants.

No. 59–C–175.

United States District Court
E. D. Wisconsin.

Aug. 1, 1960.

Judgment Affirmed March 30, 1961.

See 288 F.2d 1.

Quarles, Herriott & Clemons, by Arthur Seidel, Milwaukee, Wis., for plaintiff.

Morsell & Morsell by Curtis Morsell, Milwaukee, Wis., Andrew E. Carlsen, Minneapolis, Minn., for defendants.

TEHAN, Chief Judge.

The questions presented in this case require an understanding of the litigation between these same parties in this court in an earlier action known as Civil Action No. 6296, 159 F.Supp. 948. On May 12, 1954, Civil Action No. 6296 was commenced in this court by the defendants in this action, The J. R. Clark Company and John R. Clark, hereinafter both referred to as Clark, against a subsidiary of the plaintiff herein, Geuder, Paeschke & Frey Co., which has now merged with the plaintiff, hereinafter referred to as G. P. & F., for infringement by G. P. & F. of K. B. Olander Patent No. 2,663,-102 for an ironing table, which patent was granted December 22, 1953 on an application filed in the United States Patent Office on June 9, 1950. John R. Clark is the owner of said patent, and The J. R. Clark Company has an exclusive license to manufacture and sell ironing tables covered thereby. Issue was joined in that action on May 27, 1954. Prior to the trial thereof, the parties stipulated that the only issues to be presented for trial were (a) Is claim 1 of the Olander patent 2,663,102 infringed by defendant's (G. P. & F.'s) Model C–690 ironing table? and, (b) Is said claim rendered invalid by U. S. Patent to Busch, et al., No. 863,150, issued August 13, 1907; United States patent to Pope, No. 1,098,682, issued June 2, 1914; United States patent to Lowenberg, No. 1,976,031, issued October 9, 1934; and by an ironing table known as the "Mary Proctor" that was made by Proctor Electric Company, and was sold August 25, 1949? On December 19, 1957, after trial of those issues to the court, findings of fact and conclusions of law were signed and filed and an interlocutory judgment of infringement entered.[1]

In Civil Action No. 6296, 159 F.Supp. 948, 951, the court found in part:

"28. With further reference to the ironing table structure defined by claim 1 of the Olander patent in suit, I find, that the same is of great utility and value, that it was not obvious but the result of invention

1. D.C., 159 F.Supp. 948.

by the patentee, that such structure is not anticipated by but displayed substantial inventive advance over all of the prior art in evidence, that in obtaining said patent Olander complied with the laws and rules then in force, that the patent was duly and legally issued, and that the defendant has infringed claim 1 thereof in suit."

and held that claim 1 of Patent No. 2,-663,102 was "good and valid in law" and that G. P. & F.'s Model C–690 ironing table infringed the claim in suit. The interlocutory judgment granted Clark an injunction against further infringement and provided for an accounting and recovery of damages by Clark. The judgment was affirmed by the Court of Appeals for the Seventh Circuit,[2] and G. P. & F.'s petition to the United States Supreme Court for a writ of certiorari was denied.[3]

Following the return of the mandate from the Court of Appeals, a special master was appointed to take and state an account of the amount of recovery and to assess the same against G. P. & F. and report thereon to the court. Before entry of final judgment, G. P. & F. filed its complaint in this action asking that Clark be enjoined from enforcing the interlocutory judgment entered in Civil Action No. 6296 on December 19, 1957. In its complaint, G. P. & F. alleges (1) that on April 21, 1959, after the decision of this court and of the Court of Appeals and after the denial of its petition for a writ of certiorari, a decision of the Court of Custom and Patent Appeals was released [4] allowing to one Harvey E. Hortman, Jr., claims to the same invention as that described in claim 1 of the patent in suit in Civil Action No. 6296; (2) that on July 28, 1959, Patent No. 2,896,-347 was issued on the Hortman application; (3) that the Hortman application

was filed prior to the Olander application for the patent in suit in Civil Action No. 6296; (4) that G. P. & F. had no knowledge of the decision of the Court of Customs and Patent Appeals, nor of the patent issuing upon the Hortman application, nor of all of the contents of the Hortman "file wrapper" until July 28, 1959, after the decisions of this Court, the Court of Appeals for the Seventh Circuit, and the United States Supreme Court; and (5) that since the application for the patent in suit postdated the application for the Hortman patent, claim 14 of which is for the same invention as claim 1 of the patent in suit, said claim 1 is null and void because the patentee was not the inventor of the invention described therein.

Clark filed a motion to dismiss the complaint on September 10, 1959 upon the grounds (1) that under the doctrine of res judicata, G. P. & F. is bound by the judgment in Civil Action No. 6296 decreeing the patent in suit to be valid and infringed, and (2) that the complaint failed to state a cause of action and issuance of the Hortman patent gives rise to no defense not previously considered. A hearing on this motion was held on November 24, 1959, at which time it became apparent that Clark was relying upon facts not of record in this action. The court then ordered Clark to file a motion for summary judgment and supporting affidavits, which supplementary motion was filed on December 31, 1959. Counter-affidavits have been filed by G. P. & F. and the parties have submitted briefs in support of their respective positions.

In Civil Action No. 6296, this court made a final determination in its interlocutory judgment that claim 1 of Patent No. 2,663,102 was good and valid in law. The mandate of the Court of Appeals affirming that judgment was issued on

2. 259 F.2d 737.

3. 359 U.S. 914, 79 S.Ct. 587, 3 L.Ed.2d 576.

4. Application of Hortman, 264 F.2d 911.

October 10, 1958, and filed with this court on November 10, 1958. It is the position of G. P. & F. in the instant action that the judgment should not be enforced because the newly discovered evidence pleaded in the instant case is now available to prove that claim 1 of the patent in suit is null and void.

The well established principle of law upon which Clark relies as a basis for its motion for summary judgment is set forth in Butcher & Sherrerd et al. v. Welsh et al., 3 Cir., 1953, 206 F.2d 259, at page 262, as follows:

"Where a judgment has been affirmed on appeal and the mandate handed down it is beyond the power of the lower court to disturb the judgment without leave of the appellate court. This procedure is required by long-settled principles. Simmons Co. v. Grier Bros. Co., 1922, 258 U.S. 82, 42 S.Ct. 196, 66 L.Ed. 475; National Brake & Electric Co. v. Christensen, 1921, 254 U.S. 425, 41 S.Ct. 154, 65 L.Ed. 341; In re Potts, 1897, 166 U.S. 263, 17 S.Ct. 520, 41 L.Ed. 994; Brady v. Beams, 10 Cir., 1943, 132 F.2d 985; Simonds v. Norwich Union Indemnity Co., 8 Cir., 1934, 73 F.2d 412. In the instant case not one, but three, mandates of this court were returned to the District Court. Under the circumstances, we are not required to pass upon the validity of the intervenors' reasons for asking a new trial, or of respondent's reasons for granting it. Indeed, mandamus could not issue merely because we disagreed with the District Judge as to the correctness of his ruling. What is here involved is an utter lack of jurisdiction to act. And where the lower court is without jurisdiction to vacate a judgment, mandamus is the appropriate remedy. Delaware, Lackawanna & Western Railroad Co. v. Rellstab, 1928, 276 U.S. 1, 48 S.Ct. 203, 72 L.Ed. 439."

and In re Potts, 1897, 166 U.S. 263, at page 265, 17 S.Ct. 520, at page 521, 41 L.Ed. 994, as follows:

"The general rules which govern cases of this kind are stated, and the decision by which those rules have been established are collected, in the recent case of. [In re] Sanford Fork & Tool Co., 160 U.S. 247, 16 S.Ct. 291 [40 L.Ed. 414], in which this court said: 'When a case has been once decided by this court on appeal, and remanded to the circuit court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The circuit court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it further than to settle so much as has been remanded.'"

and in City of Orlando v. Murphy, 5 Cir., 1938, 94 F.2d 426, at page 429, as follows:

"Where the merits of a case have been once decided on appeal, the trial court has no authority, without express leave of the appellate court, to grant a new trial and rehearing, or a review, or to permit new defenses, on the merits to be introduced by amendment. Thus, if a case is affirmed on appeal, there is res adjudicata, and no power exists after the term to alter the decision."

G. P. & F. apparently recognizes the efficacy of the principle quoted above, but argues that that principle is not applicable where an independent action, authorized under Rule 60(b) Federal Rules of Civil Procedure, 28 U.S.C.A., is commenced to seek relief from a judgment. No authority is cited in support

of this position,[5] and no case has been found in which a lower court was held authorized to entertain an independent action to enjoin enforcement of a judgment which has been affirmed by a higher court where the sole ground for relief set forth in the independent action is newly discovered evidence.

It is clear that had G. P. & F. moved in the original case for a new trial pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, this court would have lacked jurisdiction to entertain that motion. Butcher & Sherrerd v. Welsh, supra. G. P. & F. contends, however, that the court can do in an independent action what it clearly could not have done in the original action, that is, nullify the effect of a judgment which was affirmed on appeal, because of newly discovered evidence.

We can see no reason for application of a different rule to independent actions than that applicable to motions for a new trial, or for holding that this court can do by indirection what it could not do directly.

G. P. & F. also argues that the mandate of the Court of Appeals affirming this court's judgment in Civil Action No. 6296 does not deprive this court of jurisdiction over the instant action because neither this court, in Civil Action No. 6296, nor the Court of Appeals on appeal of the judgment in that action considered the question of the effect of claim 14 of the Hortman patent on claim 1 of the patent in suit. It points to the stipulation in Civil Action No. 6296 that the only issues to be presented for trial were,

(1) whether G. P. & F.'s ironing table infringed, and (2) whether claim 1 of the patent in suit was rendered invalid by the Busch, Pope or Lowenberg patents or by the "Mary Proctor" ironing table.

We cannot agree with G. P. & F. that the judgment of this court and the mandate of the Court of Appeals are controlling only as to the matters set forth in the stipulation in the former action of the issues to be decided by the court. More than adequate time was given for exhaustive investigation and preparation for trial. When the parties stipulated as to the issues, it was with the clear understanding that these were the only issues and that resolution of them would fully and finally determine the litigation.

This court did not decide only that claim 1 of the patent in suit was not rendered invalid by the Busch, Pope or Lowenberg patents or the "Mary Proctor" table. It decided, on the evidence presented, that claim 1 of Patent No. 2,-663,102 was "good and valid in law" and the mandate of the Court of Appeals affirmed that decision.

Because the judgment of this court in Civil Action No. 6296 that claim 1 of Patent No. 2,663,102 is good and valid in law was affirmed by the Court of Appeals for the Seventh Circuit, it is our conclusion that this court is without jurisdiction to enjoin the enforcement of that judgment on the ground set forth in the complaint herein. The motion of the defendants, John R. Clark and The J. R. Clark Company for summary judgment is therefore granted.

5. During the oral argument, counsel for G. P. & F. referred to the many cases wherein lower courts had entertained independent actions to set aside judgments on the ground of *fraud* after those judgments had been affirmed by a higher court. In those cases, however, the question of fraud had not been considered by the higher court. In the instant case, the independent action attacks the validity of claim 1 of Patent No. 2,663,102, a matter which was considered and decided by this court and the Court of Appeals.