**J. R. CLARK COMPANY and John R. Clark, Plaintiffs-Appellees,**

v.

**JONES & LAUGHLIN STEEL CORPORATION, Defendant-Appellant.**

**No. 13113.**

United States Court of Appeals
Seventh Circuit.

April 3, 1961.

Russell J. Ryan, Jr., Indianapolis, Ind., G. R. Harris, Pittsburgh, Pa., Thompson, O'Neal & Smith, Indianapolis, Ind., of counsel, for appellant.

Douglas L. Carlsen, Andrew E. Carlsen, Minneapolis, Minn., Harold B. Hood, Indianapolis, Ind., of counsel, for plaintiffs-appellees.

Before HASTINGS, Chief Judge, DUFFY, Circuit Judge, and MERCER, District Judge.

DUFFY, Circuit Judge.

This is a suit for the alleged infringement of Olander Patent No. 2,663,102, issued December 22, 1953. The validity of Claim 1 of this patent was upheld and the claim found to be infringed in J. R. Clark Company v. Geuder, Paeschke & Frey Co., D.C.E.D.Wis., 159 F.Supp. 948. This case in the Wisconsin District Court and the appeal therefrom will sometimes be herein referred to as the "Wisconsin litigation." This Court affirmed, 259 F.2d 737, and certiorari was denied, 359 U.S. 914, 79 S.Ct. 587, 3 L. Ed.2d 576. After receiving our mandate, the District Court referred the cause to a master for a determination of damages.

While the litigation above described was in process, defendant Jones & Laughlin Steel Corporation (Jones & Laughlin), with full knowledge of that litigation, and prior to an adjudication therein purchased from Geuder, Paeschke & Frey Co. (GP&F), the assets of that firm's Consumer Products Division which manufactured and sold ironing tables. These assets included a stock of 172 Model C–690 ironing tables; also tools and equipment for manufacturing such tables, and drawings of the Model C–690 table. Also included were raw materials. It is admitted by defendant that the Model C–690 ironing table manufactured by it was substantially identical with the Model C–690 ironing table sold by GP&F which was the accused device in the Wisconsin litigation.

In the instant case, plaintiffs moved for summary judgment, asserting defendant, Jones & Laughlin, was in privi-

ty with GP&F, and hence was bound by the judgment in the Wisconsin litigation. Defendant likewise moved for summary judgment, claiming Olander Patent No. 2,663,102 is invalid for double patenting of Olander Patent No. 2,663,101. The District Court held the fact situation in the case at bar clearly established privity between Jones & Laughlin and GP&F, and that Jones & Laughlin was bound by the judgment in the Wisconsin litigation under the doctrine of *res judicata*.[1] The Court granted plaintiffs' motion for summary judgment and denied defendant's motion.

Defendant's principal argument is that under the facts of this case, it is in no different position than any vendee, with notice, of manufactured articles which are found to infringe a patent in a suit brought by the patent owner against the vendor-manufacturer. Defendant cites General Chemical Co. v. Standard Wholesale Phosphate & Acid Works, Inc., 4 Cir., 101 F.2d 178. Defendant claims that the cited case well expresses the rule that a vendee of a manufactured article is not bound by a judgment of patent validity or infringement against its vendor, but nevertheless, can take advantage of a judgment of non-validity or non-infringement in favor of the vendor.

The case at bar is not one where a vendee merely purchased one or some limited amount of the alleged infringing product. Here, the defendant purchased from the manufacturer the entire business that was devoted to the production of ironing tables. A large number of these tables were Model C–690 which were held to infringe the Olander Patent.

The District Court relied on several cases including G. & C. Merriam Co. v. Saalfield, 6 Cir., 190 F. 927. In that case, the Court of Appeals said at page 932: "The case was already pending, and the whole controversy had been submitted for the judgment of the court. Though not a party, Saalfield was bound by the

final decree of the court. If a third party may thus come into the acquisition of rights involved in pending litigation without being bound by the final judgment, and require a suit de novo in order to bind him, he might, pending that suit, alienate that right to another with the same result, and a final decree bearing fruit could never be reached." The prediction of the Court in the Merriam case as to what might happen quite accurately portrays what did happen in the case at bar, because Jones & Laughlin, after the adjudication in the Wisconsin litigation, but while the case was still pending in the courts, sold the ironing table business to Arvin Industries, Inc.

Defendant argues that the fact the entire business was sold is not ground for a distinction from the general rule, and relies upon this Court's opinion in Bank v. Rauland Corporation, 7 Cir., 146 F.2d 19. We think the trial judge was correct in distinguishing the Bank case although some language is used in that opinion which might give support to the contention of defendant in the instant case. Apparently the Court there was impressed by the combination of the consent judgment and the fact that the license agreement showed that the parties felt the questions of validity and infringement were still open.

■ We hold that the District Court was correct in granting the motion for summary judgment on the ground that Jones & Laughlin, who had sold some 20,-000 tables substantially identical with the infringing device was, in fact and in law, in privity with GP&F, and should be bound by the judgment rendered in the Wisconsin litigation. See Acetol Products, Inc v. Tripi, (W.D.Mo.) 7 U.S. P.Q. 161.

■ We next consider the issue of double patenting. Defendant's motion for summary judgment was based on the claim that Olander Patent No. 2,663,102 (102) is invalid because it is double patenting of Olander Patent No. 2,663,101

1. The District Court's opinion is reported in 186 F.Supp. 22.

(101). Both patents were issued on the same day.

It is clear that 102 patent is the more basic patent and 101 is an improvement patent. The specifications in 101 call attention to the fact that the invention therein embodies improvements in the ironing table described in the co-pending application that resulted in the 102 patent.

Pertinent also is the practice of the Patent Office in classifying patents into classes and subclasses. The 101 patent was classified in Class 38, Subclass 114; the 102 patent was classified in Class 38, Subclass 123. This indicates the Patent Office considered the patents did not cover the same invention. The District Court found that the two patents were not for the same invention because each was for a specific different combination of elements and each contained limitations not found in the other. We agree.

█ Defendant's motion for summary judgment is based upon the claim that plaintiffs are guilty of double patenting. The rule against double patenting is based upon the idea that the power to create a monopoly is exhausted by the first patent, and that a new and later patent for the same invention would operate to extend or prolong the monopoly beyond the period allowed by law. 69 C.J.S. Patents § 38. However, where two patents are issued on the same day, neither extends the life span of the other.

Over forty years ago this Court considered the question of double patenting in Deister Concentrator Co. v. Deister Mach. Co., 7 Cir., 263 F. 706. The defendant there contended that a claim in the lower-numbered patent was narrower than a similar claim in the higher-numbered patent; that the specifications for the first patent were sufficient to support both claims, and, therefore, the higher-numbered patent was invalid. This Court disagreed, and said: (at pages 710–711)

"But there has been no double patenting in the present case. The two applications were copending. Grant for the purpose of the argument that the specifications in the first application were sufficient to support the claims included in both patents, and that claim 1, patent No. 1,040,165, is the broader or more generic claim; yet it by no means follows that the broader claim is void. The two patents were issued on the same day. It would be erroneous to assume that the issuance of one preceded the issuance of the other, when the two applications were copending—one referred to the other and both had a common applicant. The number which the patent bears under these circumstances can have no significance whatsoever.

" * * * We are not prepared to say the claims in the second patent were not joinable with the claims of the first patent; but we are convinced that no damage to the public resulted from their separate presentation, in view of their simultaneous issuance. No fraud was practiced or intended by the applicant, as is shown by the fact that reference to the first pending application appears in the second."

The Deister case has been cited with approval in Theroz Co. v. United States Industrial Chemical Co., D.C.D.Md., 14 F.2d 629, affirmed 4 Cir., 25 F.2d 387. Another case directly in point and with a similar holding is W. A. Sheaffer Pen Co. v. Eagle Pencil Co., D.C.S.D.N.Y., 55 F.2d 420.

Defendant urges Underwood v. Gerber, 149 U.S. 224, 13 S.Ct. 854, 37 L.Ed. 710, should control this case rather than Deister. We disagree. The Underwood case did not concern double patenting. No claim was made in that case that the two patents under consideration were for the same invention. In fact, the Court expressly stated that the second patent did not claim the composition of matter which was claimed in the first patent.

The judgment granting plaintiffs' motion for summary judgment and denying defendant's motion for summary judgment is

Affirmed.