**BRUNSWICK CORPORATION, Plaintiff,**

v.

**CHRYSLER CORPORATION and Chrysler Outboard Corporation, Defendants.**

No. 66–C–226.

United States District Court
E. D. Wisconsin.

July 22, 1968.

See also D.C., 43 F.R.D. 208.

Elwin A. Andrus, Milwaukee, Wis., for plaintiff.

Gerrit D. Foster, Milwaukee, Wis., Michael, Best & Friedrich, Don K. Harness, Harness, Dickey & Pierce, Detroit, Mich., for defendants.

DECISION ON MOTION.

MYRON L. GORDON, District Judge.

This suit was initiated by the plaintiff, Brunswick, to establish the validity of and prohibit defendants' alleged infringement of two patents. The matter is now before the court on plaintiff's motion to strike from defendants' answer all denials of validity and infringement, and for judgment.

The basis for plaintiff's motion is that another branch of this court entered a consent decree holding the above patents valid and infringed on January

21, 1963 in Kiekhaefer Corporation v. The West Bend Company, Civil Action No. 61–C–102. The plaintiff asserts that the prior litigation is conclusive against Chrysler under the principles of res judicata. The plaintiff, Brunswick, is the successor in title to the patents, and it alleges that Chrysler is successor to the outboard motor and engine activities of The West Bend Company.

The defendants oppose Brunswick's motion on the following grounds: (1) A consent decree should not be given res judicata effect, especially when it was a dismissal "without prejudice". (2) Even if that decree has res judicata effect, these defendants cannot be bound under the rules of privity because they had no connection with or control over the *Kiekhaefer* litigation. (3) Defendants' purchase of the outboard motor business of The West Bend Company did not carry with it responsibility for all liabilities of that business.

The court believes its ruling on Chrysler's first contention will be dispositive of the motion.

The consent decree in the *Kiekhaefer* Case reads as follows:

"The parties by their counsel stipulating hereto, and the Court being fully advised in the matter, it is hereby ordered and decreed as follows:

1. United States Letters Patent No. 2,916,007 in suit is valid and is infringed by defendant's manufacture and sale of its 'Tiger Shark 800' outboard motors.

2. United States Letters Patent No. 2,953,335 in suit is valid and is infringed by defendant's manufacture and sale of its 'Tiger Shark 800' outboard motor and of its inboard-outboard stern drive.

3. The defendant having taken a license under both patents, the above entitled action is hereby dismissed, without prejudice and without costs."

The above decree is ambiguous insofar as it declares the patents valid and infringed yet dismisses the action without prejudice.

A consent decree is ordinarily as binding as an actual adjudication and is subject to res judicata effect. 1B Moore's Federal Practice (2d ed.) § 0.409 [5] at 1026; Warner v. Tennessee Products Corporation, 57 F.2d 642 (CCA 6, 1933). See also Annotation, 2 A.L.R.2d 514. Where a court has held to the contrary, the case usually involved some factor in addition to the presence of a consent decree. See Granzow v. Village of Lyons, 89 F.2d 83 (CCA 7, 1937) and Bank v. Rauland Corporation, 146 F.2d 19 (CCA 7, 1944). In the *Granzow* Case, the court stated that the order involved in that case had been issued ex parte upon the petition of a receiver. The court also stated that there was no showing that the court ever had jurisdiction of any person other than the receiver and that res judicata could not apply "until it appears that the parties were in court." Id. 89 F.2d at 86.

The *Rauland* Case was discussed in J. R. Clark Co. v. Jones & Laughlin Steel Corporation, 288 F.2d 279 (CCA 7, 1961) where it is stated that in *Rauland* the court was apparently impressed by the combination of the consent decree and the fact that the license agreement taken by the defendant showed that the parties believed that the questions of validity and infringement were still open. Id. at 280.

In the instant case, the consent decree was dismissed "without prejudice", and it is the general rule that when a decree is dismissed in this manner, it carries no res judicata effect. In re McDermott, 115 F.2d 582 (CCA 7, 1940). Brunswick, however, interprets the dismissal "without prejudice" in *Kiekhaefer* as authorizing it to bring this second suit on the same cause of action, while at the same time foreclosing the issues of validity and infringement. The court finds this contention without merit.

When the words "dismissed without prejudice" are used, parties are

permitted to litigate their claims as if no previous suit had been commenced. Northern Pac. R. Co. v. St. Paul, M&M Ry. Co., 47 F. 536 (CCA Minn.1891). In the *Northern* Case, the court went on to say that "when a bill is dismissed, and there is an intention further to litigate the matters involved, the decree or order uses the qualifying words 'without prejudice' * * *"

In Robinson v. American Car and Foundry Company, 135 F. 693 (CCA 7, 1935), the plaintiff sued to enjoin alleged infringement of his patent. The defendant sought to apply res judicata to a finding of noninfringement made in a prior suit, but the court refused because the prior action had been dismissed "without prejudice". The plaintiff then attempted to apply res judicata on the issue of validity, which had been determined favorable to it in the prior action. The court also refused this request, stating at page 696:

> "We are without information why the bill was dismissed without prejudice, but such a decree cannot, in the nature of things, conclude the parties."

The clear import of the case law is that a decree dismissed "without prejudice" carries no res judicata effect and forecloses no issues. The situation is somewhat analogous to the *Rauland* Case, cited above, where the court of appeals for the seventh circuit held that a consent decree was not res judicata when the agreement showed an intention further to litigate the issues. Here, the words "without prejudice" show an intention further to litigate the issues of validity and infringement.

Were Brunswick's contention correct, the words "without prejudice" would be meaningless. If the *Kiekhaefer* decree had been dismissed "with prejudice", the plaintiff would be correct in its application of res judicata. It still could have brought this suit on its prior judgment and interposed the *Kiekhaefer* decree as binding on the issues of validity and infringement. That being the case, a dismissal "without prejudice" cannot be held to have the same effect.

It Is Therefore Ordered that the motion of the plaintiff to strike defenses of the defendants be and hereby is denied.