**BRUNSWICK CORPORATION, Plaintiff,**

v.

**CHRYSLER CORPORATION and Chrysler Outboard Corporation, Defendants.**

**No. 66–C–226.**

United States District Court

E. D. Wisconsin.

Aug. 5, 1968.

See also D.C., 291 F.Supp. 118.

Andrus, Sceales, Starke & Sawall, Milwaukee, Wis., for plaintiff.

Michael, Best & Friedrich, Milwaukee, Wis., for defendants; Harness, Dickey & Pierce, Detroit, Mich., of counsel.

### DECISION ON MOTION

MYRON L. GORDON, District Judge.

On July 22, 1968, this court denied the plaintiff's motion to strike certain defenses. The plaintiff now seeks an authorization to enable it to take an immediate appeal under 28 U.S.C. § 1292(b). A district judge may permit the appeal of an order which is not otherwise appealable provided he is of the opinion that the order involves "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

I believe that the order of July 22, 1968 involves a controlling question of law; it also appears that an immediate appeal from the order could materially advance the ultimate termination of the litigation, 287 F.Supp. 776.

The only sticky question is whether it can fairly be said that there is a "sub-

stantial ground for difference of opinion" under the statute. While I believe that the order of July 22, 1968 correctly determined the impact of a dismissal without prejudice, I am unwilling to contradict the plaintiff's claim that my ruling may be in error. As the order of July 22 pointed out, the challenged judgment was somewhat ambiguous.

Accordingly, it is my conclusion that the court should authorize an immediate appeal under 28 U.S.C. § 1292(b).