**PCR GOLF BALL COMPANY, INC., Plaintiff,**

v.

**CHEMOLD CORPORATION et al., Defendants.**

**No. 71-C-1319.**

United States District Court,
E. D. New York.

July 26, 1973.

---

Burgess, Dinklage & Sprung by Arnold Sprung, New York City, Nathaniel D. Kramer, New York City, of counsel, for plaintiff.

Ryder, McAulay & Fields, New York City by Paul Fields, of counsel, for defendants.

JUDD, District Judge.

## MEMORANDUM

The parties to this patent infringement suit have agreed to the entry of a judgment determining that the patent is valid and infringed, assessing an agreed amount of damages and granting an injunction against further infringement.

Plaintiff's attorney has objected to the inclusion of language customary in this district in consent decrees in patent infringement cases limiting the *res judicata* effect of the decree, as follows:

> This decree cannot be cited against third parties as an adjudication of the contested issues as to invalidity or infringement; further this decree cannot be used for advertising purposes.

The proposed language is not contrary to the holding of the Court of Appeals in Broadview Chemical Corp. v. Loctite Corp., 2 Cir., 474 F.2d 1391, as urged by plaintiff. That case related to a prior consent decree between the two parties which the court held was *res judicata* between them.

Plaintiff may properly inform third parties that the infringement action against Chemold Corporation has been terminated by a consent judgment in its favor. It may also offer the judgment as evidence in actions against other parties. Sanson Hosiery Mills, Inc. v. Warren Knitting Mills, Inc., 202 F.2d 395 (3d Cir. 1953).

The purpose of the provision suggested by this court is to assure that a consent judgment will not be described as a determination of issues on the merits. Essentially, it may be construed as a *caveat* against misrepresentation. Including the provision in all consent decrees avoids any invidious inferences that might arise from selectivity in its insertion.

Since the court has a legitimate interest in the termination of litigation and should not change a judgment to which the parties have agreed, the judgment will be signed in the form submitted. This Memorandum is filed simultaneously to record the court's view that the judgment merely gives effect to the agreement of the parties and is not based on any judicial examination of the validity or scope of the patent.