**WESTON INSTRUMENTS, INC.,**
**Plaintiff,**

v.

**DATA TECHNOLOGY CORPORATION,**
**Defendant,**

v.

**SCHLUMBERGER, LIMITED, Defendant**
**to Fourth Counterclaim.**

**WESTON INSTRUMENTS, INC.,**
**Plaintiff,**

v.

**DATA TECHNOLOGY CORPORATION**
**et al., Defendants.**

**ELECTRO NUMERICS CORPORATION,**
**Counterclaimant,**

v.

**WESTON INSTRUMENTS, INC., and**
**Schlumberger Limited, Defendants**
**to Counterclaim.**

**Nos. C–70–815 RFP, C–72–269 RFP.**

United States District Court,
N. D. California.

May 29, 1974.

Max Thelen, Jr., Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., for plaintiff.

Farella, Braun & Martel, San Francisco, Cal., Lowhurst, Aine & Nolan, Palo Alto, Cal., for defendants.

## MEMORANDUM

PECKHAM, District Judge.

Plaintiff Weston Instruments, Inc., filed two actions based on claims of alleged patent infringement in the District Court for the Northern District of California. These actions were assigned to this court. In the first action (No. C–70–815 RFP), plaintiff Weston Instruments, Inc., alleges that defendant Data Technology infringed a patent issued to Gilbert, No. 3,051,939, and a patent issued to Ammann, No. 3,316,547. In the second action (No. C–72–269 RFP), plaintiff Weston Instruments, Inc., alleges that defendants Data Technology and Plas Tronics infringed a design patent issued to Andreaggi, No. 217,289, and that defendant Electro Numerics infringed the Gilbert, the Ammann, and the Andreaggi patents. Defendants Data Technology and Plas Tronics, it should be noted, are affiliated corporations.

Plaintiff now asks this Court to sign a consent judgment for the disposition of the first action (No. C–70–815 RFP) and to sign a consent judgment for disposition of the second action with respect to defendants Data Technology and Plas Tronics. These consent judgments include clauses in which defendants acknowledge the validity of the relevant patents and admit their infringement of them and, in addition, include clauses which note that plaintiff and defendants have, by separate agreements, entered into a licensing arrangement with respect to the patents. Undoubtedly, plaintiff drafted the language of these consent judgment clauses in an explicit attempt to insure defendants' honoring the licensing agreements by ending any possible controversy among the parties over the validity of the patents. Compare Lear, Inc. v. Adkins, 395 U.S. 653, 668–671, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969), with Schnitger v. Canoga Electronics Corp., 462 F.2d 628 (9th Cir. 1972). This Court's approval of the consent judgments would completely settle the first action and would leave only the claims against defendant Electro Numerics remaining for judicial determination in the second action.

Defendant Electro Numerics now objects to this court's signing the consent judgments. The company does not question the propriety of the settlements, but rather questions the specific language in the consent judgments concerning the validity of the Gilbert, the Ammann, and the Andreaggi patents. The company claims that the language unnecessarily prejudices its right to a fair trial on the issues of the validity of the

three patents in two ways. First, this court, after signing consent judgments which affirm validity and find infringement, would then face a trial at which defendant would contest validity and deny the possibility of infringement. Second, these consent judgments, if signed, might unduly influence a jury attempting to reach an independent determination on validity and infringement on the remaining claims of the second action.

Plaintiff clearly is entitled to the entry of consent judgments which accurately express the intent of the parties with repect to the settlement of the actions. See, *e.g.*, United States ex rel. Shell Oil Co. v. Barco Corp., 430 F.2d 998, 1001–1002 (8th Cir. 1970) (upholding a district court's finding of contempt based on violation of a patent infringement case consent judgment). At the same time, defendant Electro Numerics correctly argues that court approval of consent judgments ought not result in unnecessary prejudice to third party rights. *E.g.*, PCR Golf Ball Company, Inc. v. Chemold Corporation et al., 361 F.Supp. 187 (E.D.N.Y.1973). These seemingly conflicting interests, however, can be resolved by this court's noting its interpretation of the legal effect of the consent judgment. Specifically, the consent judgments cannot be cited against third parties, including Electro Numerics, as an adjudication on either the validity of or the infringement of the Gilbert, the Ammann, or the Andreaggi patents.[1] See PCR Golf Ball Company, Inc. v. Chemold Corporation, et al., *supra*, at 188. With this limitation in mind, this court sees no reason why the consent judgments ought not be signed.

Accordingly, the consent judgments shall be approved, and a copy of this Memorandum and Order shall be served upon all parties to the two actions.

So ordered.

---

[1] A ruling on the admissibility of the consent judgments as evidence in favor of plaintiff Weston Instruments, Inc., and against defendant Electro Numerics must await the occurrence of an actual controversy concerning admissibility at trial. Sanson Hosiery Mills, Inc. v. Warren Knitting Mills, Inc., 202 F. 2d 395, 397–398 (3rd Cir. 1953).