**BRUNSWICK CORPORATION, Plaintiff-Appellant,**

v.

**CHRYSLER CORPORATION and Chrysler Outboard Corporation, Defendants-Appellees.**

No. 17229.

United States Court of Appeals Seventh Circuit.

March 12, 1969.

Rehearing Denied April 7, 1969.

Elwin A. Andrus, Glenn O. Starke, Merl Sceales, Milwaukee, Wis., for appellant.

Don K. Harness, Detroit, Mich., Gerrit D. Foster, Milwaukee, Wis., Michael Dinnin, Jr., Harness, Dickey & Pierce, Detroit, Mich., Michael, Best & Friedrich, Milwaukee, Wis., for appellees.

Before DUFFY and HASTINGS, Senior Circuit Judges, and SWYGERT, Circuit Judge.

DUFFY, Senior Circuit Judge.

This is an appeal from an interlocutory decision by the District Court which denied appellant's motion to strike a designated defense and for judgment based on *res judicata* with respect to an earlier decree in the same Court as to validity and infringement of two of the patents in suit.

A civil action (61–C–102) was brought by the Kiekhaefer Corporation in the District Court for the Eastern District of Wisconsin against The West Bend Company claiming infringement of United States Patents No. 2,916,007 and No. 2,953,335, pertaining to outboard motors. That suit was terminated by a settlement agreement and a consent decree was entered by District Judge Grubb on January 21, 1963. The decree read as follows:

"The parties by their counsel stipulating hereto, and the Court being fully advised in the matter, it is hereby ordered and decreed as follows:

"1. United States Letters Patent No. 2,916,007 in suit is valid and is infringed by defendant's manufacture and sale of its "Tiger Shark 800" outboard motor.

"2. United States Letters Patent No. 2,953,335 in suit is valid and is infringed by defendant's manufacture and sale of its "Tiger Shark 800" outboard motor and of its inboard-outboard stern drive.

"3. The defendant having taken a license under both patents, the above entitled action is hereby dismissed, without prejudice and without costs."

Under the license agreement The West Bend Company paid back royalties on all "Tiger Shark 800" outboard motors and on inboard-outboard drives sold by it from October 21, 1960 to December 31, 1962. In addition, such royalties were paid up to December 31, 1964 after which the engine division of The West Bend Company was sold and transferred to defendants-appellees (Chrysler). The sale included the manufacturing plant at Hartford, Wisconsin, and West Bend's entire business relating to the manufacture and sale of outboard motors and stern drives.

The form of the decree in No. 61–C–102 was attached to the settlement agreement and approved. Paragraph 4 read: "West Bend will instruct its attorneys to stipulate the entry of a consent decree of validity and infringement of the subject patents in the aforesaid pending infringement suit, in substantially the form attached hereto as Exhibit A."

Prior to the commencement of the instant suit, plaintiff Brunswick Corporation had purchased the assets of Kiekhaefer and is successor in title to Patent No. 2,916,007 relating to "Tiger Shark 800" outboard motors, and Patent No. 2,953,335 pertaining to "Tiger Shark 800" outboard motors and of its inboard-outboard stern drive.

In the instant case, plaintiff moved for an order striking from Defendants' answer all denials of infringement and validity of patents Nos. '007 and '335 based upon the decree entered in No. 61–C–102.

The District Court, Judge Myron L. Gordon presiding, denied the motion. The District Court acknowledged that a consent decree usually is as binding as an actual adjudication and is subject to *res judicata* effect, but denied the motion because of the use of the words "without prejudice" in the sentence "The defendant having taken a license under both patents, the above entitled action (No. 61–C–102) is hereby dismissed, without prejudice and without costs."

Chrysler admits in its answer in the instant case that it was informed of the consent decree in No. 61–C–102 and also that it knew of the existence of the license agreement. However, defendants argue 1) a consent decree should not be given *res judicata* effect where the dismissal was "without prejudice" and 2) even if that decree has *res judicata* effect, then defendants cannot be bound under the rules of privity, claiming that they had no connection or control over the Kiekhaefer litigation.

We, therefore, have before us for decision two questions of law: 1) Does the decree which was entered in the same court in the previous suit between Kiekhaefer and The West Bend Company give rise to *res judicata* in the instant suit, and 2) whether on the admitted facts in this record, Chrysler stands in the shoes of The West Bend Company so as to be in privity with that Company.

There can be no question as to the meaning of paragraphs 1 and 2 of the decree. The parties stipulated that patents '007 and '335 which are the patents here in suit, were valid, and that such patents were infringed by the manufacture and sale by The West Bend Company of its "Tiger Shark 800" outboard motor and of its inboard-outboard stern drive. Furthermore, it is admitted that The West Bend Company took a license under both patents. Apparently it was also a part of the settlement agreement that the suit be dismissed without costs.

Plaintiff urges that it was intended by the first and second paragraphs of the decree that they were to be binding on The West Bend Company and that the third paragraph of the decree had reference to the procedure for enforcing the judgment and for determining the infringement by future changed or new constructions.

In a normal patent infringement suit, a decree of validity and infringement usually would be accompanied by an injunction and an accounting for damages from the date of notice of infringement. Here, the license agreement called for the payment of back royalties since the notice of infringement. In effect, the license took the place of an injunction.

When a court has rendered a consent judgment, it has made an adjudication. Moore Federal Practice, 2 Ed., Vol. 1 B pp. 1028–1030.

In Kincade v. Jeffery-De Witt Insulator Corporation, 242 F.2d 328, 331, the Fifth Circuit said: "Ambiguous judgments should be construed so as to give effect to all parts thereof, if possible, and to effectuate the purpose of the Court if it can be ascertained."

An ambiguous judgment should be construed to give effect to all parts of the judgment. It seems clear to us that it was not the intent of the parties to leave open the questions of validity and infringement of Patents No. '007 and '335.

In O'Cedar Corporation v. F. W. Woolworth Co., 7 Cir., 66 F.2d 363, 366, this Court said: "* * * [A] decree of a court having jurisdiction of the subject matter rendered by consent of the parties, though without any ascertainment by the court of the truth of the facts averred, is as binding and conclusive between the parties and their privies as if the suit had been an adversary one." See also Bullard v. Commissioner of Internal Revenue, 7 Cir., 90 F.2d 144.

The District Court placed considerable reliance upon the fact that the third paragraph of the decree, after reciting that the defendant had taken a license under both patents, stated that the action was dismissed "without prejudice. * * *" The attorney for plaintiff herein who was attorney for Kiekhaefer in the previous suit, urges that the phrase "without prejudice" was for the purpose of permitting Kiekhaefer to enforce the judgment and to determine any infringement by future changed or new constructions.

The District Court said that if the words "with prejudice" had been used, clearly *res judicata* would apply and therefore the use of the words "without prejudice" cannot be held to have the

same effect. But it seems clear that the words were used not in reference to that which had already been adjudicated, but rather in reference to the matters mentioned above. Whether it was necessary to include the words "without prejudice" to accomplish that result we need not decide. However, the contention that a plaintiff can obtain a judgment, but that that judgment is not *res judicata* as to matters specifically decided, is so anomalous that it must necessarily be rejected.

In Fiumara v. American Surety Company, 346 Pa. 584, 31 A.2d 283, 287, 149 A.L.R. 545 the Pennsylvania Supreme Court, quoting from an earlier case, stated: " 'It can hardly be said that the Circuit Court meant to leave the question open after it had taken the trouble to decide it on the merits. All that was intended by the phrase "without prejudice" was to reserve future action based upon changed conditions, not to weaken the decision of the Court on the facts before it.' "

We think the District Court's interpretation of the third paragraph of the decree nullifies the clear meaning of paragraphs 1 and 2 with respect to validity and infringement.

■ In our view, the only reasonable interpretation of the decree is that the determinations as to patent validity and infringement were final adjudications, and that the third paragraph in view of the license granted, reserved for a new trial the issues of enforcement of the decree and of infringement by new models.

We hold that by reason of the consent decree, the issues of validity and infringement of Patents Nos. '007 and '335 were *res judicata* as to The West Bend Company and to others who may be in privity with that Company.

The District Court made no decision on the question of privity. It is Chryslers' position that although it purchased the entire business of The West Bend Company relating to outboard motors and inboard-outboard stern drives, it was not a corporate successor to The West Bend Company; that it had no interest or control in the prior suit and is, therefore, not bound by the decree that was entered.

To determine whether privity existed, we must determine whether Chrysler has succeeded in interest to the subject matter of the prior decree.

In J. R. Clark Company v. Jones & Laughlin Steel Corp., 7 Cir., 1961, 288 F.2d 279, we affirmed a decision for *res judicata* where the defendant was not a corporate successor but had purchased that portion of the business of the previous defendant relating to the manufacture of ironing boards including a stock of ironing tables, tools and various other equipment. In *Clark, supra* at page 280 we said: "The case at bar is not one where a vendee merely purchased one or some limited amount of the alleged infringing product. Here, the defendant purchased from the manufacturer the entire business that was devoted to the production of ironing tables."

■ In the case at bar, Chrysler purchased from The West Bend Company the entire business that was devoted to the production of "Tiger Shark 800" outboard motors and the inboard-outboard stern drives used with such motors. Furthermore, The West Bend Company, having ceased all operations in the field of outboard motors, transferred both its manufacturing and sale facilities and also its personnel to Chrysler. It follows that Chrysler does stand in the shoes of The West Bend Company with respect to the decree in No. 61–C–102.

We hold that as the proof establishes Chrysler succeeded in interest to the subject matter of the prior decree, it is in privity with The West Bend Company, and is bound by the provisions of the decree entered in No. 61–C–102.

Judgment of the District Court is Reversed.