USM CORPORATION,
Plaintiff-Appellant,

v.

STANDARD PRESSED STEEL CO.,
Defendant-Appellee.

No. 74–1938.

United States Court of Appeals,
Seventh Circuit.

Argued April 23, 1975.

Decided Oct. 22, 1975.

Gerald D. Hosier, James P. Hume, Chicago, Ill., for appellant.

Donald L. Welsh, Chicago, Ill., John A. Mitchell, New York City, for appellee.

Before SWYGERT and TONE, Circuit Judges, and GRANT,* Senior District Judge.

TONE, Circuit Judge.

This is an interlocutory appeal in a declaratory judgment action brought by a licensee to have a patent declared invalid. The licensee seeks to prevent the licensor from collecting the royalties that accrue during the pendency of the action in the event the patent is held invalid, but to retain its rights under the license and pay those royalties to the licensor in the event the patent is held valid. The licensee moved for a preliminary injunction against termination of the license, offering to pay the royalties into court or into escrow or to pay them to the licensor on condition that they be returned if the patent is held invalid. The District Court denied the licensee's motion for a preliminary injunction. We affirm that court's order for reasons different from those either party urges upon us.

The licensor is defendant Standard Pressed Steel Company, which is the as-

---

* Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

signee of Patent No. 3,093,177 issued in 1963 to Joseph P. Villo. In 1971, it sued the present plaintiff and licensee, USM Corporation, for infringement of the patent. That litigation was concluded by the entry of a consent judgment, pursuant to which Standard Pressed Steel granted USM a nonexclusive license to sublicense under the patent and USM agreed to pay royalties of 25 percent of its licensing income. The agreement gave the licensor the right to cancel the contract if the licensee defaulted.

The licensee filed this action on June 4, 1974, and at the same time moved to enjoin the licensor from terminating the license for nonpayment of royalties accruing during the pendency of the suit. With the consent of both parties, the District Court entered orders providing that two successive quarterly payments could be made by the licensee to the licensor subject to the express condition that they would be restored if the licensee prevailed in the litigation. In September 1974, however, the licensor notified the licensee that it would not consent to entry of a third such order. Thereafter, the District Court denied the licensee's motion for a preliminary injunction.

The licensee then filed a motion in this court under Rule 8, Fed.R. App.P., for an injunction during the pendency of the appeal, and a panel of the court, with one judge dissenting, entered an order on November 24, 1974, enjoining termination but giving the licensor the option, as an alternative to the injunction, of receiving the royalty payments on condition that they be refunded with 5 percent per annum interest if the patent is invalid. The licensor declined the option, and this court's injunction order has therefore remained in effect.

The licensee's argument is that *Lear, Inc. v. Adkins,* 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969), establishes its right not to be required to pay royalties accruing during the time it is challenging the patent in court, yet if it pays these royalties to the licensor it will be unable to recover them if the patent is held invalid. The licensor, while disputing the licensee's interpretation of *Lear,* agrees that in any event if the royalties are paid the licensee cannot obtain a refund if the patent is held invalid. The licensor argues, moreover, that its license agreement, entered into pursuant to a consent judgment settling the previous litigation and purporting to find the patent valid and infringed, entitles it to collect royalties while the license is still in force and the patent has not been declared invalid, and that the licensee, if it believes the patent to be invalid, has the adequate remedy of electing not to pay the royalties and suffering the agreement to be terminated, and if it is right about invalidity it will have lost nothing. Further, says the licensor, the injunction should be denied because the consent judgment is res judicata, and therefore the licensee cannot demonstrate the probability of ultimate success on the merits which is prerequisite to the issuance of a preliminary injunction.

We do not find a clear answer to the issues tendered by the licensee either in *Lear* or subsequent Supreme Court cases mentioning that case. See, *e. g., Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 346, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Kewanee Oil Co. v. Bicron,* 416 U.S. 470, 488, 94 S.Ct. 1879, 40 L.Ed.2d 315 (1974). Nor is there an answer in the decisions of this court referred to by the parties. See *Ransburg Electro-Coating Corp. v. Spiller & Spiller, Inc.,* 489 F.2d 974 (7th Cir. 1973); *Crane Co. v. Aeroquip Corp.,* 504 F.2d 1086 (7th Cir. 1974). A recent decision of the Sixth Circuit, however, appears to support the licensee's position on entitlement, in the event of an ultimate holding of invalidity, to moneys attributable to royalties accruing *pendente lite. Atlas Chemical Industries, Inc. v. Moraine Products,* 509 F.2d 1 (6th Cir. 1974). The question to which the licensor addresses most of its argument, *viz.,* whether a consent judgment adjudicating infringement as well as validity bars

a party to the judgment from subsequently challenging the validity of the patent, has not been decided by this court (see *Kraly v. National Distillers & Chemical Corp.*, 502 F.2d 1366, 1368–1369 (7th Cir. 1974); *Crane Co. v. Aeroquip Corp., supra*, 504 F.2d at 1092; *Maxon Premix Burner Co. v. Eclipse Fuel Engineering Co.*, 471 F.2d 308, 311–312 (7th Cir. 1972), *cert. denied*, 410 U.S. 929, 93 S.Ct. 1365, 35 L.Ed.2d 591 (1973); *Business Forms Finishing Service, Inc. v. Carson*, 452 F.2d 70, 73–75 (7th Cir. 1971) ),[1] although other circuits have answered this question in the affirmative.[2]

We find it unnecessary, however, to reach these questions in order to decide this appeal. The case has been briefed and argued by both parties on the assumption that entitlement to the funds representing royalties accruing during the pendency of the litigation depends on who has possession of those funds at the time of the final determination of invalidity. We disagree. *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968 (6th Cir. 1973), *cert. denied*, 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974), for example, indicates that entitlement in these circumstances should not depend on possession. In that case, in which the challenge to the patent had been made by a third party and not by the licensee, the licensor was held entitled to recover unpaid royalties up to the date of the adjudication of invalidity.[3] The licensor's entitlement was determined not by who had possession of the money at the time of the adjudication of invalidity but by the court's view of the result that was appropriate to carry out the policy underlying *Lear*. In *Ransburg Electro-Coating Corp. v. Spiller & Spiller, Inc., supra*, 489 F.2d at 977–978, the court enforced a settlement agreement providing for installment payments for past infringement by a licensee manufacturing devices which were determined by the time of the suit not actually to have infringed the licensor's patent, allowing the licensor both to retain amounts already received and to recover amounts not yet paid. See also *Kraly v. National Distillers & Chemical Corp., supra*, 502 F.2d at 1372, in which the licensor's entitlement to unpaid royalties was determined by the application of equitable principles. Thus relevant policy considerations, and not possession of the funds, should determine entitlement under the circumstances presented in this case. We need not, therefore, decide at this stage of the case whether the licensor or the licensee will be entitled to royalties attributable to the period of the pendency of the litigation. We need only decide, as we do, that entitlement will not depend upon whether the royalties have been paid to the licensor. This being so, there is no need for a preliminary injunction temporarily relieving the

1. The Sixth Circuit's recent opinion in *The Schlegel Manufacturing Company v. USM Corporation*, 525 F.2d 775 (6th Cir. 1975), in refusing to follow our *Kraly* and *Crane* decisions, seems to ignore the distinction made in those cases between a consent adjudication of validity only and a consent adjudication of both infringement and validity. See 502 F.2d at 1368–1369; 504 F.2d at 1092. See also *Addressograph-Multigraph Corp. v. Cooper*, 156 F.2d 483, 485 (2d Cir. 1946); *Broadview Chemical Corp. v. Loctite Corp.*, 474 F.2d 1391, 1394–1395 (2d Cir. 1973). Since the consent judgment in the *Schlegel* case adjudicated infringement as well as validity, it decided a question not presented in *Kraly* or *Crane*.

2. Holding that a consent decree adjudicating validity and infringement is res judicata are *Broadview Chemical Corp. v. Loctite Corp.*, *supra* n. 1, 474 F.2d 1391; *The Schlegel Manufacturing Company v. USM Corporation, supra* n. 1, 525 F.2d 775; *United States ex rel. Shell Oil Co. v. Barco Corp.*, 430 F.2d 998 (8th Cir. 1970); compare *Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738, 739–740 (9th Cir. 1971).

3. In an earlier appeal in the same case, the court had held that *Lear* does not permit the licensee who has not himself challenged the patent to obtain a refund of royalties that had already been paid when the patent was held invalid. *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 465 F.2d 1253 (6th Cir. 1972). This court followed the first *Troxel* case in *Ransburg Electro-Coating Corp. v. Spiller & Spiller, Inc., supra*, 489 F.2d at 979.

licensee of the obligations of its contract, there having been no showing or even contention that there is doubt as to the licensor's ability to refund the royalties if the patent is ultimately held invalid.

Our ruling will avoid the necessity of deciding questions affecting the merits in an interlocutory setting and of making determinations that may turn out not to be necessary in order to dispose of the case. If it is ultimately determined that the consent judgment is res judicata or that the patent is valid, it will be unnecessary to decide the question of entitlement of royalties accruing during the pendency of the litigation, for under either hypothesis it will be undisputed that the licensor is entitled to them. Only if it is determined that the consent judgment is not res judicata and that the patent is invalid will it become necessary to reach the question of entitlement to interim royalties. If and when that time comes, that question will presumably be more fully and satisfactorily briefed than it can be when the advocatory tactics are dictated by the interlocutory posture of the case.

The order denying a preliminary injunction is accordingly affirmed because the licensee failed to show a threat of irreparable injury, and this court's injunction pending appeal issued under Rule 8, Fed.R. App.P., is vacated.

Affirmed.