**WALLACE CLARK & CO., INC.,**
**Plaintiff-Appellant,**

v.

**ACHESON INDUSTRIES, INC.,**
**Defendant-Appellee.**

**No. 526, Docket 75–7483.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 9, 1976.

Decided March 26, 1976.

Certiorari Denied May 19, 1976.
See 96 S.Ct. 2177.

Paul H. Blaustein, New York City (Hopgood, Calimafde, Kalil, Blaustein & Lieberman, New York City), for plaintiff-appellant.

Michael R. Dinnin, Birmingham, Mich. (Harness, Dickey & Pierce, Birmingham, Mich.) and J. G. Foley, New York City (Pennie & Edmonds, New York City), on the brief, for defendant-appellee.

Before LUMBARD, SMITH and MANSFIELD, Circuit Judges.

SMITH, Circuit Judge:

Wallace Clark & Company ("Wallace Clark") appeals from a partial summary judgment entered by the United States District Court for the Southern District of New York, Edward Weinfeld, *Judge*, denying Wallace Clark the right to contest the validity of the patent underlying its licensing agreement with Acheson Industries ("Acheson"), the defendant and the holder of the patent, where, in an earlier action between the parties, the court had already adjudicated the validity and the infringement of the patent in a consent decree. We affirm.

In November of 1971, Wallace Clark instituted an action against Acheson in the United States District Court for the Southern District of New York, John M. Cannella, *Judge*, seeking a declaratory judgment that Acheson's patent No. 2,976,257 was invalid and that it was not infringed by the plaintiff's product Meta-Tef 530. The case was resolved without a trial. Instead, a licensing agreement was executed allowing Wallace Clark to manufacture and sell certain products under the claims of Acheson's patent through March 21, 1978, in return for the licensee's payment of royalties. In addition, pursuant to the agreement, the parties entered into a consent decree stipulating to both the patent's validity and its infringement by Meta-Tef 530. The decree was duly approved and entered by the district court in October of 1972.[1]

In June of 1974, the instant action was brought by Wallace Clark for declaratory relief and damages after the plaintiff was sued by Acheson in a Michigan state court for royalties owing under their licensing agreement. The third "cause of action" asserted by the complaint in the federal

---

1. The consent decree states:

As between the parties, by their counsel stipulating hereto, and the Court being fully advised in the matter, it is hereby ordered and decreed as follows:

1. United States Letters Patent 2,976,257 in suit is valid and is infringed by plaintiff's manufacture, use and sale of its product Meta-Tef 530.

2. The plaintiff having taken a license under defendant's United States Letters Patent 2,976,257, the above-entitled action is hereby dismissed, with each party to bear its own costs and attorney fees.

3. This decree may not be cited as an adjudication of contested issues, nor be used for advertising purposes.

proceeding sought an adjudication of the invalidity of the patent underlying the licensing agreement, and Wallace Clark promptly moved for a ruling that, notwithstanding the 1972 consent decree, it had the right to assert this claim. Treating this motion as for summary judgment with respect to the complaint's third cause of action, Judge Weinfeld ruled that the patent's validity was res judicata, 394 F.Supp. 393 (S.D.N.Y.1975), and accordingly directed the entry of a final judgment dismissing the cause of action after certifying pursuant to Fed.R.Civ.P. 54(b) the absence of any just reason for delay.

■ The principal issue presented by this appeal is whether a consent decree adjudicating the patent's infringement as well as its validity bars a party to the decree from subsequently challenging the validity of the patent. As a general rule, consent decrees are accorded res judicata effect. *E. g., United States v. Southern Ute Indians*, 402 U.S. 159, 91 S.Ct. 1336, 28 L.Ed.2d 695 (1971); *Siegel v. National Periodical Publications, Inc.*, 508 F.2d 909, 913 (2d Cir. 1974); 1B Moore, *Federal Practice* ¶ 0.409 [5], at 1032 (2d ed. 1974). In *Address-ograph-Multigraph Corp. v. Cooper*, 156 F.2d 483 (2d Cir. 1946), however, this court ruled that a party to a consent decree adjudicating the validity but not the infringement of a patent is not barred from contesting the patent's validity in a subsequent suit.[2] This decision was predicated on the rationale that the validity of a patent is apt to be too readily conceded by a party not found to have infringed it. 156 F.2d at 484–85. Consistent with this rationale, *Addressograph* indicates in dictum that, when accompanied by an adjudication of infringement, a consent decree's adjudication of a patent's validity should be accorded res judicata effect:

> [I]n a decree, at least in one entered by consent, either an adjudication of infringement, or a grant of some relief from which infringement may be in-

ferred, is essential before any effect of res judicata can be given to it on the issue of validity.

156 F.2d at 485.

Wallace Clark contends that this dictum did not survive *Lear, Inc. v. Adkins*, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969). In *Lear* the Supreme Court overruled the contract doctrine of licensee estoppel, under which a patent licensee had been barred from contesting the validity of the patent underlying its license. The Court justified its abrogation of the doctrine on the need to prevent unwarranted insulation of patents from judicial scrutiny and on its belief that often only licensees have sufficient incentive to challenge the validity of patents. 395 U.S. at 670–71, 89 S.Ct. at 1911, 23 L.Ed.2d at 622–623.

In *Broadview Chemical Corp. v. Loctite Corp.*, 474 F.2d 1391 (2d Cir. 1973), this court observed that it had been presented with "no authority for [the] extension of *Lear* to the consent decree cases where there has been a prior adjudication of infringement." 474 F.2d at 1394. This situation still obtains. Although at the time of the decision below support for such an extension of *Lear* could be found in the Seventh Circuit, *e. g., Kraly v. National Distillers & Chemical Corp.*, 502 F.2d 1366, 1369 (7th Cir. 1974) (dictum); *USM Corp. v. Standard Pressed Steel Co.*, 184 U.S.P.Q. 476 (N.D.Ill.1974), *vacated in part*, 524 F.2d 1097 (7th Cir. 1975), subsequently this support has been eroded by the opinion in the latter case on appeal, 524 F.2d at 1098, which states:

> The question . . . whether a consent judgment adjudicating infringement as well as validity bars a party to the judgment from subsequently challenging the validity of the patent, has not been decided by this court . . . .

Only the Sixth Circuit appears to have ruled definitively upon the issue before us. In *Schlegel Manufacturing Co. v. USM Corp.*, 525 F.2d 775 (6th Cir. 1975), a corpo-

---

2. See also, *e. g., USM Corp. v. Standard Pressed Steel Co.*, 524 F.2d 1097, 1099 (7th Cir. 1975), and cases cited therein.

ration was barred in a contempt proceeding from contesting the validity of a patent because it had previously entered into a consent decree adjudicating both the patent's validity and its infringement. Wallace Clark contends that the fact that *Schlegel* was an appeal from a contempt proceeding distinguishes it from the instant case which was brought as a declaratory judgment action; however, *Schlegel's* extended discussion of the res judicata issue provides no support for this argument. 525 F.2d at 778–781.[3]

We conclude that the interests of litigants and the public in general will be best served by according res judicata effect to consent decrees adjudicating a patent's infringement as well as its validity. While in some cases this policy may result in the survival of invalid patents, the agreements are arrived at in settlement of adversary litigation with infringement as well as validity determined and with the discovery machinery of the courts available to the parties, and are subject to court scrutiny, in contrast to the purely private license agreements on which pre-*Lear* estoppel was based.

The danger of some extension of unwarranted monopolies is outweighed, as Judge Weinfeld emphasized, by the threats to enforcement of valid patents and proliferation of expensive and time consuming litigation[4] necessarily following upon denial of the usual res judicata effect to such decrees.

We agree with Judge Weinfeld that, absent evidence of collusion, judicial decrees disposing of issues in active litigation cannot be treated as idle ceremonies without denigrating the judicial process.[5]

An additional argument made by Wallace Clark in its brief on appeal, but not

before the district court, is that, even if as a rule consent decrees adjudicating patent validity and infringement are res judicata, the instant decree by its own assertion is not. This contention relies upon the decree's third paragraph which states:

> This decree may not be cited as an adjudication of contested issues, nor be used for advertising purposes.

Wallace Clark's reliance upon the language of this paragraph is misplaced. See Judge Weinfeld's opinion, 394 F.Supp. at 395 n. 2:

> The provision of paragraph 3 of the consent decree . . . is regularly included in patent consent decrees in this district, and this court has always required its inclusion. The provision was never intended to deprive consent decrees of their res judicata effect and plaintiff makes no such claim in this court. The clause was designed to prevent misuse of consent decrees with respect to third parties by representations, whether explicit or implicit, that the judgment was entered after a trial on the merits. *See PCR Golf Ball Co. v. Chemold Corp.*, 361 F.Supp. 187 (E.D.N.Y.1973).

Wallace Clark argues that the comparable clause in the *Chemold* case, cited by Judge Weinfeld, differs materially from the clause now under consideration since the clause in *Chemold* stated: "This decree cannot be cited *against third parties* as an adjudication of the contested issues. . . ." 361 F.Supp. at 188 (emphasis added).

We find no significance in the variation in wording. We are unwilling to infer that the consent decree's adjudication of the validity and infringement of Acheson's patent was intended to be a meaningless act. *Cf. Brunswick v. Chrysler Corp.*, 408 F.2d 335 (7th Cir. 1969).

---

3. Some courts have emphasized the contempt posture of the cases before them in granting res judicata effect to consent decrees adjudicating patent validity and infringement. *E. g., United States ex rel. Shell Oil Co. v. Barco Corp.*, 430 F.2d 998, 1001 (8th Cir. 1970); *Kiwi Coders Corp. v. Acro Tool & Die Works*, 250 F.2d 562, 568 (7th Cir. 1957).

4. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 335, 337, 338, 91 S.Ct. 1434, 1446, 1447, 28 L.Ed.2d 788, 803, 805 (1971).

5. See Note: " 'To Bind or Not to Bind': Bar and Merger Treatment of Consent Decrees in Patent Infringement Litigation," 74 Colum.L.Rev. 1332 (1974).

Finally, Wallace Clark argues that since its patent invalidity claim was a defense to its licensing contract with Acheson, its motion for a ruling that it had a right to make the invalidity claim should have been decided according to state and not federal law. Clearly, however, no reference to state law was necessary to the district court's ruling that its previous adjudication of the validity of Acheson's patent in the 1972 consent decree was res judicata.

The judgment of the district court is affirmed.