AMERICAN EQUIPMENT CORPORA-
TION, a corporation,
Plaintiff–Appellant,

v.

WIKOMI MANUFACTURING
COMPANY, a corporation,
Defendant–Appellee.

No. 79–1960.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 12, 1980.
Decided Sept. 22, 1980.

Carter H. Kokjer, Kansas City, Mo., for plaintiff–appellant.

Paul M. Denk, St. Louis, Mo., for defendant–appellee.

Before SPRECHER, BAUER and CUDAHY, Circuit Judges.

CUDAHY, Circuit Judge.

In this suit for patent infringement, plaintiff–appellant American Equipment Corporation ("American") moved for summary judgment against defendant–appellee Wikomi Manufacturing Company ("Wikomi II"), asserting that a prior consent decree between American and an alleged privy of Wikomi II, which adjudged the patent now in issue both valid and infringed, is res judicata on the instant claim. The district court denied American's motion but subsequently certified the issue to this court. We agree with American that the degree should be accorded res judicata effect, and accordingly, we reverse.

## I.

American, in an action filed on March 8, 1971, in the United States District Court for the Southern District of Illinois, charged that Wikomi Manufacturing Company ("Wikomi I"), a Delaware corporation, infringed U.S. Patent No. 3,231,246, which granted American the exclusive right to manufacture a tractor–mounted concrete mixer. Wikomi I filed an answer, both sides conducted further discovery, and the court conducted a pre–trial conference and set a trial date; however, the suit was terminated through an order and judgment entered by consent on September 13, 1974. The consent judgment provided that the disputed patent was valid and that Wikomi I had infringed the patent by the manufacture and sale of mixers of the type protected. The judgment also included an injunction against future infringement. American contemporaneously concluded a license agreement with Wikomi I.

Three months after entry of the consent judgment, Wikomi I entered into an agreement with Philip Sams to dispose of its mixer business, including the tools, the designs and the technical information used in manufacturing the disputed mixer. One month later, Sams in turn assigned that agreement and related assets to Wikomi II, a Missouri corporation in which Sams owned all the stock. Under Sams' direction, Wikomi II continued the operation of the mixer business of Wikomi I. Wikomi II retained the general manager, the office manager, and the marketing director of the predecessor company as well as fifteen or twenty line employees. At the time he acquired Wikomi I, Sams was aware of the 1974 consent decree, and his counsel knew about the nature and termination of the prior litigation.

Since the acquisition, Wikomi II has manufactured without alteration the mixer which was the subject of the former suit. However, during this time Wikomi II has neither tendered royalty payments to American as required under the license agreement nor accepted the agreement. As a result, American brought the instant action in the United States District Court for the Central District of Illinois, alleging patent infringement by Wikomi II.

After answer, interrogatories and extensive depositions, American moved for summary judgment, arguing that Wikomi II is barred by the 1974 consent judgment from contesting either validity or infringement of the patent. The district court denied American's motion, finding in its order that the public interest in finality of judgments was outweighed in the circumstances of this case by the public interest, endorsed by the Supreme Court in *Lear v. Adkins*, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969), in preventing continued monopolization of invalid patents. Pursuant to 28 U.S.C. § 1292(b), the district court certified to this court the question whether a prior consent judgment adjudicating infringement as well as validity bars a party to the judgment or its privies [1] from subsequently contesting the validity of the patent.

---

1. On appeal, Wikomi II argues that there is a lack of privity between it and Wikomi I. The

district court in its order denying summary judgment did not explicitly address the issue

## II.

In *Lear v. Adkins*, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969), the Supreme Court overruled the doctrine of licensee estoppel, which barred a patent licensee from contesting the validity of the patent which was the subject of the license. In *Lear*, there had been no prior suits between the parties concerning the disputed patent. The sole issue before the Court was the relative priority of the principles of contract law upon which licensee estoppel was premised and the public policy in favor of fostering the general competitive use of ideas no longer deserving of patent protection. The Court justified its abrogation of the licensee estoppel doctrine by relying on what it declared to be the need to prevent unwarranted insulation of patents from judicial scrutiny and on its belief that often only licensees have sufficient economic incentive to challenge patent validity.

■ The case before us is quite different from that presented in *Lear*. Here, the issues to which plaintiff wishes to grant res judicata effect are embodied in a formal consent judgment rather than in a private licensing agreement. Such an order entered upon a consent decree represents a judicial act and is generally held to bar a party or its privies from subsequently relitigating the issues settled by the decree. *United States v. Southern Ute Indians*, 402 U.S. 159, 174, 91 S.Ct. 1336, 1343, 28 L.Ed.2d 695 (1971); *United States v. Swift & Co.*, 286 U.S. 106, 115, 52 S.Ct. 460, 462, 76 L.Ed. 999 (1932); *Kiwi Coders Corp. v. Acro Tool & Die Works*, 250 F.2d 562, 568 (7th Cir.

1957). *See* 1B Moore's Federal Practice ¶ 0.409[5]. Although a consent judgment may, in rare cases for overriding public policy reasons, be denied res judicata effect, 1B Moore's Federal Practice ¶ 0.405[11], we are mindful that "judicial decrees disposing of issues in active litigation cannot be treated as idle ceremonies without denigrating the judicial process." *Wallace Clark & Co. v. Acheson Industries, Inc.*, 532 F.2d 846, 849 (2d Cir.), *cert. denied*, 425 U.S. 976, 96 S.Ct. 2177, 48 L.Ed.2d 800 (1976) (footnote omitted).

■ To give adequate weight to considerations of public policy, courts, in considering its application to patent litigation, have recognized exceptions to an inflexible view of the res judicata doctrine. To protect the public interest in free circulation of ideas, the doctrine of res judicata has been limited to assure that invalid patents are not used or valid patents misused to acquire monopoly power. *Mercoid Corp. v. Mid–Continent Investment Co.*, 320 U.S. 661, 669–70, 64 S.Ct. 268, 273, 88 L.Ed. 376 (1944). Res judicata effect will not be accorded to consent decrees containing only a concession of the validity of the patent without an express or inferable acknowledgment of its infringement. *Kraly v. National Distillers & Chemical Corp.*, 502 F.2d 1366, 1368–69 (7th Cir. 1974); *Business Forms Finishing Service, Inc. v. Carson*, 452 F.2d 70, 75 (7th Cir. 1971); *Addressograph–Multigraph Corp. v. Cooper*, 156 F.2d 483, 485 (2d Cir. 1946). The distinction drawn between a decree containing merely an adjudication of validity and one establishing both validity

but rather apparently assumed the existence of privity:

> The question presented is one purely of law. It is undisputed that the cement mixer manufactured by Wikomi I and the subject of the prior lawsuit, is now being manufactured without substantial change by Wikomi II. The sole question is whether the consent decree entered into by Wikomi I precludes Wikomi II from contesting the validity of the patent held by plaintiff and its infringement under the doctrine of res judicata. *American Equipment Corp. v. Wikomi Manufacturing Co.*, No. S-Civ–76-159 (S.D.Ill. May 26, 1978).

Under the terms of § 1292(b), the factual determination of privity is not before us for decision. Even if it were, however, the record reveals sufficient continuity in property ownership and personnel between Wikomi I and Wikomi II to satisfy the standards set forth in *Schnitger v. Canoga Electronics Corp.*, 462 F.2d 628 (9th Cir. 1972) (per curiam); *Brunswick Corp. v. Chrysler Corp.*, 408 F.2d 335, 338 (7th Cir. 1969); and *J. R. Clark Co. v. Jones & Laughlin Steel Corp.*, 288 F.2d 279, 280 (7th Cir.), *cert. denied*, 368 U.S. 828, 82 S.Ct. 49, 7 L.Ed.2d 32 (1961). Our tentative conclusion on this issue should not preclude defendants from offering evidence on this score on remand if they wish to contest the issue.

and infringement reflects the strategic realities of patent litigation, which often dictate that a defendant readily concede validity in order to avoid a finding of infringement:

> Courts have agreed that it is unlikely that a party who defends successfully on the issue of infringement will adequately press the issue of invalidity. If the defendant can easily prove that he is not infringing, the hypothetical validity of his opponent's patent does not concern him. Indeed, a concession of its validity would not prejudice him at all because the patent, even in the absence of such concession, is presumed to be valid. The alleged infringer, therefore, has little incentive to contest a recital of validity. . . .
>
> In contrast, the litigation which results in a concession of validity in a decree which adjudicates both infringement and validity is more likely to be genuine because the defendant who is losing on the issue of infringement must contest validity in order to avoid either the issuance of an injunction which restrains future infringement or the inclusion of a provision for what could amount to substantial liability for past infringement. Thus, the recital of validity in a consent decree which includes a finding of past infringement is less likely to validate invalid patents than the same recital in a decree

which does not address the issue of infringement. Comment, *Res Judicata Effect of Consent Judgments in Patent Litigation*, 18 B.C. Indus. & Com. L.Rev. 66, 95–96 (1976).

Accordingly, courts are reluctant to give res judicata effect to decrees which fail to contain. an adjudication of both validity and infringement because the determination of validity may have depended upon a construction of the patent claim that was sufficiently narrow to avoid a determination of infringement and was at best a hypothetical pronouncement about the existence of infringement.

■ Prior to *Lear*, we had not hesitated to accord full res judicata effect to consent decrees which addressed both infringement and validity of the disputed patent. *See, e. g., Brunswick Corp. v. Chrysler Corp.*, 408 F.2d 335, 338 (7th Cir. 1969); *Kiwi Coders Corp. v. Acro Tool & Die Works*, 250 F.2d at 562, 568. However, notwithstanding *dictum* in *Kraly v. National Distillers & Chemical Corp.*, 502 F.2d 1366, 1368 (7th Cir. 1974),[2] the impact of *Lear* on "the question . . . whether a consent judgment adjudicating infringement as well as validity of the patent has not yet been decided by this court." *USM Corp. v. Standard Pressed Steel Co.*, 524 F.2d 1097, 1098–99 (7th Cir. 1975).[3] The question before us is

---

2. After noting that the prior consent decree between the parties did not contain an adjudication of infringement, we stated:

> Even if we assume, however, that the consent decree embodied an adjudication of infringement, we do not believe that the *Lear* rationale would necessarily be inapplicable. To allow the parties to consent to an adjudication of infringement would simply result in the erection of another obstacle to tests of patent validity. 502 F.2d at 1369.

3. In noting that we had not yet decided that issue we distinguished *Crane Co. v. Aeroquip Corp.*, 504 F.2d 1086 (7th Cir. 1974) and *Kraly v. National Distillers & Chemical Corp.*, 502 F.2d 1366 (7th Cir. 1974), two cases upon which American relies, as not involving decrees adjudging both infringement and validity. *See USM Corp. v. Standard Pressed Steel Corp.*, 524 F.2d at 1099 n. 1. Our reservation of the question in *USM Corp. v. Standard Pressed Steel Corp.* vitiates whatever persuasive force litigants in the position of Wikomi II might

previously have derived from the *Kraly dictum, supra* note 2, or from the *Crane* holding.

Wikomi II also relies on the fact that the district court in *USM v. Standard Pressed Steel Co.*, ruled that res judicata would not bar. a licensee from subsequently contesting the validity of a patent even though the prior consent decree between the parties had declared the patent to be valid and infringed. 184 U.S.P.Q. (BNA) 476, 477–78 (N.D.Ill.1974). We are not bound by that determination. In our decision in the case, we expressly found it unnecessary to reach the res judicata issue in order to decide the appeal. 524 F.2d at 1099. As we note in the next paragraph of the text, upon final decision of the case by the district court, the res judicata effect of the consent judgment was upheld. *USM Corp. v. Standard Pressed Steel Co.*, 453 F.Supp. 743, 747 (N.D.Ill.1978).

Similarly, Wikomi II relies upon the decision in *Butterfield v. Oculus Contact Lens Co.*, 332 F.Supp. 750 (N.D.Ill.1971), which it claims held that the defendant was permitted to contest the

whether the *Brunswick* and *Kiwi Coders* line of cases can withstand the policy imperatives of *Lear*. We hold that it can.

In so deciding, we join the interpretation of *Lear* adopted by three other Courts of Appeals, by several academic commentators, and most recently by one district court within this circuit. *See Wallace Clark & Co. v. Acheson Industrie:, Inc.*, 532 F.2d at 849; *Schlegel Manufacturing Co. v. USM Corp.*, 525 F.2d 775, 780–81 (6th Cir. 1975), *cert. denied*, 425 U.S. 912, 96 S.Ct. 1509, 47 L.Ed.2d 763 (1976); *Broadview Chemical Corp. v. Loctite Corp.*, 474 F.2d 1391, 1394–95 (2d Cir. 1973); *United States ex rel. Shell Oil Co. v. Barco Corp.*, 430 F.2d 998, 1001–02 (8th Cir. 1970);[4] *USM Corp. v. Standard Pressed Steel Co.*, 453 F.Supp. 743, 747 (N.D.Ill.1978); Langsam, *Res Judicata Effects of Consent Judgments in Patent Infringement Litigation*, 36 Fed.B.J. 171, 183–84 (1977); Note, *"To Bind or Not to Bind"*: *Bar and Merger Treatment of Consent Decrees in Patent Infringement Litigation*, 74 Col.L.Rev. 1322, 1347–50 (1974). For several reasons, foreclosure of a "case–by–case" inquiry into the effect to be given a consent decree adjudging both validity and infringement is not only consistent with but is also the most effective way to enforce the *Lear* policy of facilitating competitive access to ideas.

First, according res judicata effect to consent decrees like the one before us will encourage earlier and more vigorous challenges to the validity of patents. As the Court of Appeals for the Sixth Circuit noted in *Schlegel Manufacturing Co. v. USM Corp.*,

The public interest requires that an invalid patent be stripped of its monopoly, and at as early a date as possible. When a consent decree is to be given res judicata effect, litigants are encouraged to litigate the issue of validity rather than foreclosing themselves by a consent decree. If they were given a second chance to litigate the issue of validity, alleged infringers might well accept a license under a consent decree and forego an attack on validity until favored by a stronger financial position, or until threatened by other manufacturers who were not paying royalties. By giving res judicata effect to consent decrees this court protects the public interest in that an alleged infringer is deprived of a judicial device which could be used to postpone and delay a final adjudication of validity.

525 F.2d at 781. Moreover, "[a]lthough public policy encourages tests of patent validity, *see Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 344–45, 91 S.Ct. 1434, 1450–1451, 28 L.Ed.2d 788, . . . (1971), public policy also favors conservation of judicial time and limitations on excessive litigation. *Id.* at 334–349, 91 S.Ct. at 1445–1453, . ." *Maxon Premix Burner Co. v. Eclipse Fuel Engineering Co.*, 471 F.2d 308, 312 (7th Cir. 1972), *cert. denied*, 410 U.S. 929, 93 S.Ct. 1365, 35 L.Ed.2d 591 (1973). We believe the result we reach gives effect to our deep concern with an efficient but fair administration of justice:

To hold otherwise would permit abuse of the judicial process, waste of judicial re-

validity of a patent even though he had previously entered into a consent decree admitting both validity and infringement of the patent. We summarily affirmed the finding of validity in that case without discussion of the res judicata issue. 177 U.S.P.Q. (BNA) 33 (7th Cir. 1973) (per curiam). The district court's discussion of estoppel in *Butterfield* does not in fact disclose that the prior consent decree adjudged both validity and infringement. From the court's reliance on *Kraly v. National Distillers & Chemical Corp.*, 319 F.Supp. 1349 (N.D.Ill. 1969), we are tempted to conclude that the 1962 consent decree in *Butterfield* did not reach both issues, in which case the suit would be distinguishable from that before us. However,

a contrary conclusion is suggested by the Court of Appeals for the Ninth Circuit in its allusion to the *Butterfield* decree in an opinion disposing of subsequent litigation on the same patent. *See Plastic Contact Lens Co. v. Butterfield*, 151 U.S.P.Q. (BNA) 83, 84 (9th Cir. 1966). In any event, even if the unarticulated basis for the district court's decision was as Wikomi II represents, that rationale must yield to the decision we reach today.

4. In an abbreviated opinion, the Court of Appeals for the Ninth Circuit has also reached the same result but without discussing *Lear*. *See Schnitger v. Canoga Electronics Corp.*, 462 F.2d 628 (9th Cir. 1972) (per curiam).

sources and reward questionable ethical conduct. These are all matters which also concern the public interest. To adopt the plaintiff's position would force every patent validity and infringement suit to a trial on the merits to assure a res judicata effect. It would discourage settlement of such litigation, since otherwise there could be no assurance of finality. *Wallace Clark & Co. v. Acheson Industries, Inc.*, 394 F.Supp. 393, 400 (S.D. N.Y.1975), *aff'd*, 532 F.2d 846 (2d Cir.), *cert. denied*, 425 U.S. 976, 96 S.Ct. 2177, 48 L.Ed.2d 800 (1976).

If encouraging the swift and decisive removal of artificial barriers to the competition of ideas is the primary policy advocated in *Lear*, providing opportunities for recurrent, expensive, and duplicative litigation between the same parties is the least effective way to promote such a policy.

Second, under our result, the strong interest in voiding meritless patents will be adequately protected. Granting res judicata effect to consent decrees adjudging both validity and infringement does not close courtroom doors to litigation on the issue of patent validity, except as to parties and their privies after they have had an opportunity to litigate the issues fully. The patent is still subject to challenge by third parties interested in the subject matter of the patent, including other licensees who have not yet aired their own challenge to a patent's validity. Unlike the more broadly preclusive doctrine of licensee estoppel at issue in *Lear*, the doctrine of res judicata when applied to consent decrees does not affect third parties.

Third, adoption of the district court's and Wikomi II's position would consign us to an *ad hoc* determination of the applicability of the res judicata doctrine. For example, in the present suit, the court would be forced to consider the motivation of Wikomi I's chief executive in accepting the consent decree. Wikomi II has argued that the decree should not be read to represent a binding determination of validity and infringement because at the time it was entered the executive was in deteriorating health and was anxious "in any way he possibly could" to extricate his company from patent litigation which was hindering his efforts to sell the company. It is possible to imagine an endless list of such subjective and elusive factors, which under Wikomi II's argument would have to be evaluated before according res judicata effect to a decree. Included in the list might be the extent to which discovery had advanced in the prior proceedings, the degree of judicial supervision of presettlement negotiations, the remaining life of the patent at the time of the decree, and the size or burden of any royalty payments established by the decree or by a contemporaneous license agreement. This "case–by–case" approach would "leave the parties at the mercy of what inevitably would be an imprecise and uncertain test." *Warner–Jenkinson Co. v. Allied Chemical Corp.*, 567 F.2d 184, 188 (2d Cir. 1977). As we recently noted in refusing to reexamine a patent infringement settlement, "[t]o allow a subversion of the deeply instilled policy of settlement of legitimate disputes by applying the federal patent policy as enunciated in *Lear* would effectively strip good faith settlements of any meaning." *Ransburg Electro–Coating Corp. v. Spiller & Spiller*, 489 F.2d 974, 978 (7th Cir. 1973). Without in any way derogating the vital policy of nullifying invalid patents, reasonable principles of finality of litigation and judicial repose must here carry the day.

For the foregoing reasons, the district court's order denying summary judgment to plaintiff is

Reversed.