PHILLIPS PETROLEUM COMPANY, Shell Oil Company, Northern Petrochemical Company, and El Paso Products Company, Plaintiffs,

v.

UNITED STATES STEEL CORP., Hercules Incorporated and Phillips Petroleum Company, Defendants.

Civ. A. Nos. 83–143, 83–148, 83–547, 83–801 and 84–79 MMS.

United States District Court, D. Delaware.

Nov. 16, 1984.

C. Waggaman Berl, Jr., Wilmington, Del. (Harry J. Roper, Sidney Neuman, George S. Bosy, Nicholas A. Poulos, and William H. Frankel, Neuman, Williams, Anderson & Olson, Chicago, Ill., of counsel), for Phillips Petroleum Co. and Shell Oil Co.

Charles S. Crompton, Jr., Francis Potter, Anderson & Corroon, Wilmington, Del. (Francis T. Carr, Kenneth E. Madsen, and Philip G. Hampton, II, Kenyon & Kenyon, New York City), for Northern Petrochemical Co., U.S. Steel Corp. and Hercules Inc.

Arthur G. Connolly, Jr., Connolly, Bove, Lodge & Hutz, Wilmington, Del. (Thomas F. Reddy, Jr., and Stanton T. Lawrence, III, Pennie & Edmonds, New York City), for El Paso Products Co.

OPINION

MURRAY M. SCHWARTZ, District Judge.

Plaintiff El Paso Products Company ("El Paso") initiated a declaratory judgment action against Phillips Petroleum Company ("Phillips") challenging the validity of a Phillips patent. After accepting a license, El Paso moved to "Retain Royalties Pendente Lite." The motion requests this Court to issue an order determining that:

(a) All royalty payments due Phillips Petroleum Company ("Phillips") pursuant to the License Agreement under the '851 patent entered into between defendant Phillips and El Paso may be retained in escrow by El Paso *pendente lite;*

(b) El Paso is entitled to recover and/or retain all post-challenge royalty payments that were made or became due pursuant to the terms of the License Agreement under the '851 patent from the time of the challenge until the inval-

idity, unenforceability and/or non-infringement of the '851 patent is finally determined; and

(c) Such retention of royalties pursuant hereto shall not be deemed a default under said License Agreement and *Phillips shall not exercise its option of termination* because of El Paso's compliance with the terms of this order.

Dkt. 28, at 1–2 (emphasis added). For the reasons set forth below, this motion will be denied.

■ El Paso requests the Court to authorize payment of royalties into escrow and prohibit Phillips from terminating the license agreement during the period El Paso pays into escrow in lieu of payment to Phillips.[1] El Paso avers that relief is needed to "preserve the status quo." Dkt. 29, at 20.

While not denominated as such, El Paso's motion is a request for preliminary injunction. *See Milton Roy Co. v. Bausch & Lomb, Inc.,* 418 F.Supp. 975, 977 (D.Del. 1976). In *Milton Roy,* a patent licensee moved to require that the license payments be paid into escrow pending the outcome of the suit and to forbid the licensor from terminating the license. Judge Wright interpreted that motion as a prayer for injunctive relief. 418 F.Supp. at 977. In actions before other courts challenging patents, motions for similar relief—payment into escrow and prohibition of license termination—have been considered as motions for preliminary injunctions and granted only if the moving party met the standards for preliminary injunctive relief. *See Nebraska Engineering Corp. v. Shivvers,* 557 F.2d 1257, 1258–59 (8th Cir.1977); *USM Corp. v. Standard Pressed Steel Co.,* 524 F.2d 1097, 1099–1100 (7th Cir.1975).

A party seeking preliminary injunctive relief must show:

(1) a threat of immediate irreparable harm; (2) that the public interest would be better served by issuing than by denying the injunction; (3) a likelihood of

success on the merits; and (4) that the balance of hardship on the parties favored [the moving party].

*S.J. Stile Assoc. Ltd. v. Snyder,* 646 F.2d 522, 525, 68 CCPA 27 (1981); *see also Phillips Petroleum Co. v. U.S. Steel Corp.,* 566 F.Supp. 1093, 1098 (D.Del.) *aff'd mem.,* 727 F.2d 1120 (Fed.Cir.1983). El Paso made no effort to satisfy these prerequisites to preliminary injunctive relief. Having failed to meet its burden, El Paso's request to prohibit Phillips from terminating the license agreement will be denied. *See Milton Roy Co.,* 418 F.Supp. at 981.

In its reply brief and oral argument, El Paso also stressed that it sought an order decreeing that El Paso *can* retain royalties due under the license agreement, and that such retention is not a material breach of its license agreement. El Paso urges that *Lear, Inc. v. Adkins,* 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969), forbids a patent licensee from being required to pay royalties during the pendency of litigation over the validity of a patent. The short answer to this argument is that no one has asked the Court to require El Paso to pay royalties. Indeed, counsel for Phillips conceded during oral argument that El Paso has the right under *Lear* to refuse to pay royalties, albeit at its own risk, until the validity of the patent is determined.

■ El Paso's real concern is that Phillips might terminate its license for non-payment if El Paso retains royalties. Rather than ask the Court to enjoin Phillips from terminating the license, however, El Paso now asks the Court to *declare* that its failure to pay royalties would not be a material breach of the license agreement. El Paso has cited no authority upon which the Court could rely in issuing this preliminary or interlocutory declaratory relief. In fact, the Supreme Court has stated that "prior to final judgment there is no established declaratory remedy comparable to a preliminary injunction." *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 931, 95 S.Ct. 2561,

---

**1.** Validity and enforcement of the patent have not been determined. Counsel for El Paso conceded at oral argument that the issue of whether

El Paso can recover royalties paid to Phillips if the patent is held invalid or unenforceable is not properly before the Court.

2567, 45 L.Ed.2d 648 (1975). I conclude I have no authority to issue the declaratory relief El Paso requests. Accordingly, El Paso's Motion to Retain Royalties Pendente Lite will be denied.