**EUGENE E.F.W. REID, for and in Behalf of the LDS CHURCH, Plaintiff**

**v.**

**PUAILOA TAVETE, IOSE, FAIMA, LAVATAI, and DOES I TO V, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 41-79

March 5, 1993

Before RICHMOND, Associate Justice, MAILO, Associate Judge, BETHAM, Associate Judge.

Counsel:  For Plaintiff, Wilford W. Kirton, Jr., Merrill F. Nelson, and Gata E. Gurr

Opinion and Order Denying Motion for New Trial, Reconsideration, or Rehearing:

On January 29, 1993, plaintiff filed a motion, with a supporting memorandum, for new trial, reconsideration, or rehearing. For the following reasons, this motion is denied.

## I. The *Reid* decision is not void under Rule 60(b)(4)

Rule 60(b)(4) permits a court to grant relief for a "void" judgment. A judgment is void if the court lacked the power to enter the judgment, usually when it lacked subject-matter or personal jurisdiction or if the court violated "due process of law" or engaged in "a plain usurpation of power." *Matter of Whitney-Forbes*, 770 F.2d 692, 696-97 (7th Cir. 1985); *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224-25 (10th Cir. 1979); *United States v. Holtzman*, 762 F.2d 720, 724 (9th Cir. 1985); *Nouata v. Pasene*, 1 A.S.R.2d 25, 31 (App. Div. 1980). However, "[a] judgment which a court has the power to make, and one which [is] rendered in accordance with minimal standards of due process, is a valid judgment, even if it is incorrect." *Nouata*, 1 A.S.R.2d at 30; *see Margoles v. Johns*, 660 F.2d 291, 295 (7th Cir. 1981) (quoting *V.T.A.*, 597 F.2d at 224); *Holtzman*, 762 F.2d at 724; *United States v. 119.67 Acres of Land*, 663 F.2d 1328, 1331 (5th Cir. 1981); *Whitney-Forbes*, 770 F.2d at 696 (even "gross errors" do not render a judgment void).

Two federal courts have upheld the *Reid* court's decision. The federal district court stated that *Reid* was "not clearly erroneous or even an abuse of discretion. It certainly does not constitute the type of arbitrary, gross, or 'perverse' reading of the law" necessary to constitute a taking of property without due process. *Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints v. Hodel*, 637 F. Supp. 1398, 1410 (D.D.C. 1986), *aff'd* 830 F.2d 374 (D.C. Cir. 1987). The appellate court said that the 1931 *Nouata* decision was "ambiguous on its face" and that the *Reid* court did not act arbitrarily in refusing to apply *res judicata*. *Hodel*, 830 F.2d at 380, 387. "[T]he errors alleged in the Samoan court proceedings did not constitute gross error or arbitrary action in violation of the Fifth Amendment." *Id.* at 387. The *Lagafuaina* decision, even if contrary to *Reid*, did not transform a valid judgment into a void judgment.

145

## II. The *Reid* decision does not have prospective application under Rule 60(b)(5)

Contrary to appellant's statement, Rule 60(b)(5) relief "is limited to a judgment *based* on a prior judgment reversed or otherwise vacated-- based in the sense of res judicata, or collateral estoppel, or somehow part of the same proceeding." *Tomlin v. McDaniel*, 865 F.2d 209, 210-11 (9th Cir. 1989) (emphasis in original); *see Marshall v. Board of Education, Bergenfield, New Jersey*, 575 F.2d 417, 424 (3d Cir. 1978). No relief is available if the law used by a court was later overruled or declared to be erroneous in an unrelated proceeding. *Marshall*, 575 F.2d at 424 n.24 (quoting *Lubben v. Selective Service System Local Board No. 27*, 453 F.2d 645, 650 (1st Cir. 1972)); *Wallace Clark & Co., Inc. v. Acheson Industries, Inc.*, 394 F. Supp. 393, 395 n.4 (S.D.N.Y. 1975), *aff'd* 532 F.2d 846 (2d Cir. 1976); *In re Master Key Antitrust Litigation*, 76 F.R.D. 460, 463 (D.C. Conn. 1977), *aff'd without opinion* 580 F.2d 1045 (2d Cir. 1978).

Subsection (5) is inapplicable to the *Reid* judgment because the standard for "determining whether an order or judgment has prospective application . . . is whether it is 'executory' or involves 'the supervision of changing conduct or conditions.'" *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1139 (D.C. Cir. 1988) (citing *United States v. Swift & Co.*, 286 U.S. 106 (1932); *Pennsylvania v. Wheeling & Belmont Bridge Co.*, 59 U.S. 421 (1856)). The *Reid* court did not issue an order which compelled or prohibited certain future actions or which required supervision of the parties' conduct. *See id.*

## III. This Court properly exercised its discretion in denying relief under Rule 60(b)(6)

The power to vacate judgments is only to be exercised in "extraordinary circumstances." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (quoting *Ackermann v. United States*, 340 U.S. 193, 199-200 (1950)); *see Davisdon v. Dixon*, 386 F. Supp. 482, 493 & n.2 (D. Del. 1974), *aff'd without opinion* 529 F.2d 511 (3d Cir. 1975); *Nouata*, 1 A.S.R.2d at 34. Obtaining relief under subsection (6) is also very difficult because "the movant must allege and prove such extraordinary circumstances as will be sufficient to overcome our overriding interest in the finality of judgments." *Wilson v. Fenton*, 684 F.2d 249, 251 (3d Cir. 1982) (quoting *Mayberry v. Maroney*, 529 F.2d 332, 337 (3d Cir. 1976)). This reluctance to reopen a final judgment is especially strong in regards to land titles. "The need for certainty with

respect to land titles warrants a great deference to the need for finality of judgments." *Ritter v. Smith*, 811 F.2d 1398, 1401-02 (11th Cir. 1987); *see also Collins v. City of Wichita, Kansas*, 254 F.2d 837, 839 (10th Cir. 1958).

Even if the subsequent *Lagafuaina* decision were a sufficient basis on which to grant relief from *Reid*, the court is not obligated to do so; relief remains at the court's discretion. *See Professional Assets Mgmt.*, 616 F. Supp. at 1419-20 (citing *Pierce v. Cook & Co.*, 518 F.2d 720 (10th Cir. 1975)); *Ritter*, 811 F.2d at 1401; *Adams v. Merrill Lynch Pierce Fenner & Smith*, 888 F.2d 696, 702 (10th Cir. 1989) ("absent such abuse of discretion, the district court's [denial of relief] should not be disturbed"). Additionally, conflicting factual findings are possible in cases with different parties. *Lagafuaina*, 11 A.S.R.2d at 78-79. The granting of relief under subsection (6) is at the sound discretion of the court.

## IV. Conclusion

Subsections (4) and (5) do not apply because the *Reid* judgment is not "arbitrary," nor does it have prospective application. Subsection (6) was the only possible means of relief from the *Reid* judgment, but this court has exercised its discretion in denying relief. Petitioner's Rule 60(b) motion for relief from the final judgment was properly denied. Therefore, plaintiff's motion for new trial, reconsideration, or rehearing is denied.

It is so ordered.