**Ann WILLIAMS, Plaintiff,**

v.

**The GILLETTE COMPANY, Defendant.**

**No. 94 C 2373.**

United States District Court,
N.D. Illinois,
Eastern Division.

May 31, 1995.

---

Joan I. Norek, Chicago, IL, for plaintiff.

Philip J. Crihfield, Sidley & Austin, Chicago, IL, for defendant.

## MEMORANDUM OPINION

GRADY, District Judge.

Ann Williams sues the Gillette Company, alleging that it infringed her patent. The defendant has moved for summary judgment on the ground that res judicata bars Williams' suit. For the reasons explained, the motion is denied.

## BACKGROUND

Ann Williams holds United States Patent 4,017,970 for a Tile and Tub Scraper (the "'970 patent"). 12(M) ¶ 1.[1] Since 1982, Gillette has sold "Widget" scraper and cutter devices. 12(M) ¶ 2. In 1983, Williams sued Gillette, alleging that Gillette infringed the '970 patent by manufacturing and selling Widget scrapers (*Williams v. Gillette Co.*, No. 83 C 5833 (N.D.Ill. filed Aug. 23, 1983)). 12(M) ¶¶ 4, 5. The parties settled that suit (the "1983 suit") at a meeting on January 25, 1984, between Williams and Gillette attorneys Scott Foster and Henry Mason. 12(M) ¶ 6. The parties agreed that Williams would dismiss her amended complaint with prejudice in return for $3,000.00. 12(M) ¶ 7. Mr. Mason then prepared a handwritten document reading in full as follows:

> Received from the Gillette Company check # 11295 in the amount of $3,000.00 in full settlement of all claims in *Williams v. The Gillette Company*, No. 83 C 5833 (North-

ern District of Illinois, Eastern Division). I understand that my complaint and the Gillette Company's counterclaim will be dismissed with prejudice.

January 25, 1985

/s/ Ann Williams

Witnessed

/s/ Henry L. Mason III

/s/ Levi Williams

12(M) ¶ 8. But Williams says that she never received a copy of the document, and contends that the document submitted by Gillette is not a copy of the document she signed. 12(N) ¶ 8. Judge Bua dismissed the 1983 suit with prejudice on January 26, 1984. 12(M) ¶ 9.

Williams is now suing Gillette again, accusing it of infringing the '970 patent by making and selling scraper/cutter devices, including Widgets. 12(M) ¶ 3; 12(N) ¶ 3. Her complaint alleges infringement from January 16, 1984, until the expiration of the '970 patent on April 19, 1994. Complaint ¶¶ 7, 9. Gillette has moved for summary judgment, arguing that Williams' suit is barred by the doctrine of res judicata.

## DISCUSSION

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact exists only where 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Wallace v. Tilley*, 41 F.3d 296, 299 (7th Cir.1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)). In considering such a motion, the court must view all inferences in the light most favorable to the nonmoving party. *Tolentino v. Friedman*, 46 F.3d 645, 649 (7th Cir.), *petition for cert.*

---

**1.** Citations to the defendant's statement of material facts as to which there is no genuine issue under Rule 12(M) of the local rules for the

Northern District of Illinois and to the plaintiff's response under Rule 12(N) will take the abbreviated form, e.g., "12(M) ¶ 1."

*filed,* 63 U.S.L.W. 3819 (U.S. May 1, 1995) (No. 94–1812–CFX). The court will enter summary judgment against a party who does not come forward with evidence that would reasonably permit a finder of fact to find in his or her favor on a material question. *McGrath v. Gillis,* 44 F.3d 567, 569 (7th Cir.1995).

■ The doctrine of res judicata (claim preclusion) prohibits a party from litigating claims that were or could have been raised in an earlier action. *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). Res judicata ensures the finality of judgments, bars vexatious litigation, and frees courts to resolve other disputes. *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 913 (7th Cir.1993). For res judicata to bar a second suit, there must be (1) a final judgment on the merits in the earlier action; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of the parties or privies in the two suits. *Id.*

■ Here, the parties are the same as in Williams' 1983 suit. Furthermore, the 1983 suit was dismissed with prejudice, which is a judgment on the merits. *Lawlor,* 349 U.S. at 326, 75 S.Ct. at 867. Therefore, the only contested issue is whether the cause of action in this suit is the same as the cause of action in Williams' 1983 suit. In this circuit,[2] a cause of action is analyzed under the "same transaction" test:

> Under the same transaction test, a cause of action consists of a single core of operative facts giving rise to a remedy. The inquiry, focusing on the facts of a situation, is intended to discover whether the plaintiff could have raised the issue in the first suit. Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or lost.

*Id.* at 913 (citations and internal quotation marks omitted).

Williams argues that res judicata does not bar her suit because she is only suing for damages that accrued after the entry of judgment in her prior suit.[3] She relies on the following principle: "A substantially single course of activity may continue through the life of the first suit and beyond. The basic claim preclusion result is clear: a new claim or cause of action is created as the conduct continues." 18 Charles Alan Wright et al., *Federal Practice and Procedure* § 4409 (1981). In *Lawlor v. National Screen Serv. Corp.,* 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955), an antitrust suit, the Supreme Court held that a continuing course of conduct by a defendant may create separate causes of action:

> That both suits involved "essentially the same course of wrongful conduct" is not decisive. Such a course of conduct—for example, an abatable nuisance—may frequently give rise to more than a single cause of action. And so it is here. The conduct presently complained of was all subsequent to the 1943 judgment. In addition, there were new antitrust violations alleged here—deliberately slow deliveries and tie-in sales, among others—not present in the former action. While the 1943 judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case.

*Id.* at 328, 75 S.Ct. at 868.[4] Thus, *Lawlor* has come to stand for the proposition that

---

2. A district court must follow Federal Circuit precedent in a case arising under the patent laws. *Foster v. Hallco Mfg. Co.,* 947 F.2d 469, 475 (Fed.Cir.1991). However, the application of general res judicata principles is not a matter committed to the exclusive jurisdiction of the Federal Circuit. *Hartley v. Mentor Corp.,* 869 F.2d 1469, 1471 n. 1 (Fed.Cir.1989). Therefore, we will follow Seventh Circuit precedent on the general law of res judicata. As discussed *infra,* we conclude that the res judicata holding in *Foster* is inapplicable to this case.

3. The complaint actually asks for damages accruing as of January 16, 1984, although judgment in the 1983 suit was not entered until January 26, 1984. This discrepancy does not matter because, in any event, Williams cannot recover damages for infringement committed more than six years prior to the filing of her complaint in this case (April 18, 1994). 35 U.S.C. § 286.

4. In *Lawlor,* the second suit added five more defendants and new antitrust allegations. 349 U.S. at 328, 75 S.Ct. at 868. But as most courts have concluded, these differences are merely cumulative support for the holding. *See Zip Dee,*

res judicata will not bar a subsequent suit based upon the same course of conduct as a prior suit if the second suit alleges wrongful behavior occurring after judgment in the first suit. Judge Shadur recently summarized the Seventh Circuit's applications of the *Lawlor* principle:

> Our Court of Appeals has added its own gloss to *Lawlor*. First, a plaintiff is barred from attempting to recover in a second action damages that had accrued *before* the first judgment, even where the plaintiff will not actually suffer those damages until *after* that judgment (*Ohio–Sealy Mattress Mfg. Co. v. Sealy, Inc.*, 669 F.2d 490, 494 (7th Cir.), [*cert. denied*, 459 U.S. 943, 103 S.Ct. 257, 74 L.Ed.2d 201 (1982) ], citing *Lawlor* and *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 339 [91 S.Ct. 795, 806, 28 L.Ed.2d 77] (1971)). That doctrine does not, however, affect the plaintiff's entitlement to bring a second suit for damages caused by conduct occurring *after* the first judgment (*Ohio–Sealy Mattress*, 669 F.2d at 494; see *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 596 (7th Cir.1986)). Second, a plaintiff will not be required to estimate its future damages or to predict whether a defendant will continue to commit the acts for which the defendant was held liable in the first suit (*Singer Co. v. Skil Corp.*, 803 F.2d 336, 342–43 (7th Cir.1986)). And finally, "new evidence of injury differs from a new wrong" (*Supporters to Oppose Pollution v. Heritage Group*, 973 F.2d 1320, 1326 (7th Cir.1992))—for that purpose *Lawlor* involved *new* conduct (*id.*).

*Zip Dee*, 886 F.Supp. at 1433. Thus, in *International Harvester Co. v. OSHA*, 628 F.2d 982, 985–86 (7th Cir.1980), International Harvester argued that res judicata barred OSHA from finding it in violation of regulations governing the level of workplace noise because OSHA had found International Harvester in violation of the same regulation in two prior citations. The court held that res judicata did not bar the suit before it because International Harvester's continuing failure to comply with the OSHA regulation was a continuing course of wrongful conduct that gave rise to more than a single cause of action. *Id.* at 985–86.

Similarly, in *Singer Co. v. Skil Corp.*, 803 F.2d 336, 342–43 (7th Cir.1986), a patent holder sued a licensee for royalty payments accruing after 1977. The court held that the claim was not barred by a judgment awarding royalty payments accruing in and before 1977. The court affirmed the district court's reasoning that in the first litigation, the patent holder " 'was not required either to estimate [the licensee's] sales or to assume that [the licensee] would not remit royalty payments on subsequent sales especially after the [first] litigation was determined against [the licensee].' " *Id.* at 342–43 (quoting district court's memorandum opinion). *See also Ohio–Sealy Mattress Mfg. Co. v. Sealy, Inc.*, 669 F.2d 490, 494 (7th Cir.), *cert. denied*, 459 U.S. 943, 103 S.Ct. 257, 74 L.Ed.2d 201 (1982) (holding that in an antitrust suit, a new cause of action accrues each time the defendant engages in antitrust conduct that harms the plaintiff).

Gillette does not dispute that Williams' current lawsuit seeks only damages for infringement after the dismissal of the 1983 lawsuit. Thus, *Lawlor* and the Seventh Circuit cases applying *Lawlor*'s rule teach that this suit does not involve the same cause of action. Therefore, it is not barred by res judicata.

Gillette argues, however, that the *Lawlor* rule does not apply in a patent infringement case. Gillette relies heavily on *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 472 (Fed.Cir. 1991),[5] in which the Federal Circuit, resolving a circuit split, held that a consent decree regarding patent validity may bar future litigation of the issue of patent validity. In reaching its decision, the court weighed the policy favoring attacks on patent validity ex-

---

*Inc. v. The Dometic Corp.*, 886 F.Supp. 1427–1433 n. 9 (N.D.Ill. May 19, 1995); *United States v. General Elec. Co.*, 358 F.Supp. 731, 740 (S.D.N.Y.1973).

5. Gillette also cites *American Equip. Corp. v. Wikomi Mfg. Co.*, 630 F.2d 544, 546 (7th Cir.1980), in which the Seventh Circuit articulated the holding eventually adopted by the Federal Circuit in *Foster*.

pressed in *Lear, Inc. v. Adkins,* 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969), against the policies favoring the finality of judgments and encouraging the settlement of litigation. *Id.* at 474–77. The court concluded that res judicata principles may bar reconsideration of patent validity claims when validity was addressed in a prior consent judgment. *Id.* at 477.

In discussing the concept of res judicata, the court asked whether the suit before it presented the same claim (cause of action) as the first suit between the parties. The court noted parenthetically that "the same cause of action" in a patent case is "a suit on the same device alleged to infringe the same patent." *Id.* at 476. Gillette points to this language, arguing that it means that Williams' present suit is barred because it alleges that the same device (the Widget) infringes the same patent (the '970 patent) as did her prior suit.

But Gillette reads *Foster* far too broadly. The holding in *Foster* was simply this: general principles of res judicata apply to a consent decree addressing patent validity. *Id.* at 472. In applying this holding, the court said that for res judicata to be pertinent, the same patent must be at issue and the devices in the two suits must be "essentially the same." *Id.* at 479–80. But nowhere did the court say that res judicata will *always* apply in a second suit between the same parties based on the same patent and the same device. In other words, having the same device and the same patent is a necessary but not sufficient condition to apply claim preclusion principles in a patent infringement case. The *Foster* court had no occasion to address the issue here, namely, whether the *Lawlor* rule applies to a patent case seeking damages for infringement accruing after a judgment in a previous case.

Gillette attempts to distinguish *Lawlor, International Harvester,* and *Singer* on the ground that they involve other substantive areas of law. Yet Gillette does not explain what makes a patent case different from other types of cases, other than pointing to *Foster,* and we can discern no meaningful difference in a patent infringement case that would warrant a departure from the general rule.

*CONCLUSION*

For the reasons explained, defendant's motion for summary judgment is denied.